Jackson, *ex dem.* Wright and others, *against* Dief-fendorf and Zoller.

THIS was an action of *ejectment*, for 25 acres of land. The case stated that the patent of *Hartman Windecker* and others, was dated the 12th of *November*, 1731, and that in 1743, it was divided into eleven lots, and numbered from one to eleven, inclusive ; that partition deeds were executed in 1744 by the proprietors, by which lot No. 2 was released to *Windecker ;* that he on the 28th of *March*, 1754, conveyed 25 acres of the south end of lot No. 2 to his daughter *Gertrude*, who married *Jacobus Pickard*, the 28th of *October*, 1765 ; that *Pickard* and his wife con-veyed the 25 acres to *Frederic Blank*, who devised the same to *House* and *Wright*, two of the lessors of the plaintiff; that in 1765, *Blank* took possession of the pre-mises under the deed, and such possession continued in him, and in others claiming under him, until *May*, 1803, when *Wright*, the tenant, was turned out of possession, by a writ of of possession, under a judgment by default, in an action of ejectment, in favour of the present defend-ants, against *Wright*.

It was admitted that the defendants are owners and possessors of lot No. 3, in the said patent, which, ac-cording to the testimony of *Cornelius C. Beekman*, a sur-veyor, and the partition deeds, included the premises.

The question on the case was, whether the plaintiff was entitled to recover ?

*Van Vechten*, for the plaintiff.

*Cady*, for the defendant.

Where W. ha-ving been turn-ed out of the possession of a lot of land, un-der a judgment by default a-gainst him, in an action of ejectment by D. afterwards brought his ac-tion of eject-ment to recover the possession, and showed that he, and those under whom he claimed, had been in the ac-tual and quiet possession of the premises in question, from 1765 to 1803, when he was so ejected by D. it was held, that such a posses-sion was suffi-cient, and con-clusive evi-dence of title, notwithstand-ing, that by a recent survey of the tract, and according to a partition deed of 1744, the premises in question were really included in the bounds of an adjoining lot, released to D. by the deed of partition under which those under whom W. claimed originally took possession, and although W. had suffered a judgment by default against him. Where a location is made under a deed and survey, and an undisturbed possession held according to such location for 38 years, it shall prevail, though, by a subsequent survey, it should appear, that such location was not accurately made.

VAN NESS, J. delivered the opinion of the court. Shall a possession of 38 years be disturbed, because, from a recent survey, it appears not to correspond with the partition deeds executed 60 years before? Shall not the parties to that partition, and all those who claim under them, be concluded by so long an acquiescence? It is unquestionably the true rule, and every legal presumption, every consideration of policy requires, that this evidence of right should be taken to be conclusive. A location made in 1765, and probably, in exact conformity to the survey made on the partition in 1744, and quietly suffered to be continued by the proprietors of the adjoining lot, until 1803, is, and ought to be, final and conclusive. These circumstances furnish the best and most satisfactory evidence of the true line of division between the two lots. This general doctrine will not be denied, and the only question is, as to the application of it to the present case. What is to be the effect upon this title, on the recovery in ejectment by default, and an entry pursuant thereto in 1803? This is the real point in dispute between the parties.

The recovery, in 1803, against the lessors of the plaintiff, does not conclude them from setting up this evidence of title. The amount of a recovery in ejectment is accurately and forcibly stated, by Lord *Mansfield*, in the case of *Atkyns* v. *Horde.* (1 *Burr.* 114.) It is a recovery of the possession (not of the seisin or freehold) without prejudice to the right, as it may afterwards appear, even between the same parties. He who enters under it, in truth and substance, can only be possessed according to right. If he has a freehold, he is in as a freeholder. If he has a chattel interest, he is in as a termor. If he has no title, he is in as a trespasser. *If he had no right to the possession, then he takes only a naked possession.* This is the obvious and established construction of the nature and effect of a judgment in the action of ejectment. It follows, therefore, that *Wright,* one of the present lessors of the plaintiff, lost the pos-

session only, without prejudice to the right. The right under the location, after the possession and acquiescence therein, remains in the lessors of the plaintiff, and is not impaired by the recovery in 1803.

The plaintiff must, therefore, have judgment.

YATES, J. and THOMPSON, J. not having heard the argument in the cause, declined giving any opinion.

Judgment for the plaintiff,