JACKSON, ex dem. GEE, *vs.* OLTZ.

Where lands have been held *adversely* for 20 years, and an entry is made by a party who has the *true title*, such party may be dispossessed by an eject-ment brought by him who had held the premises adversely.

Where a party was in possession of a lot of 600 acres, and appropriated *fifty acres* thereof (to which 50 acres he had color of title, but the true title was in another) as a *wood lot*, refused on that account to sell the same, and dug stone from a quarry thereon at various intervals during a period of 25 years, *it was held*, that such possession should be deemed *adverse* against the true owner.

To constitute an adverse possession, there must in all cases be a *claim of title ;* but it is not necessary that a *deed* should be shewn as evidence of such title. Where, however, there is no *paper title*, there must be a *pedis possessio*—an actual occupancy—a substantial enclosure.

Where a party claims to hold adversely a *whole lot* by proving *actual occupan-cy of a part* only, his claim must be under a deed or paper title; and where color of title is shewn, *occupancy of part* for 20 years is enough to entitle a party to recover a *whole lot*, unless the deed under which the claim is made includes a tract greater than is necessary for the purpose of cultivation, or ordinary occupancy.

THIS was an action of *ejectment*, tried at the Cortland circuit in January, 1830, before the Hon. SAMUEL NELSON, then one of the circuit judges.

The suit was brought for the recovery of the possession of the *survey fifty acres* in lot No. 21, Virgil. Letters patent for the entire lot to J. Gee, one of the lessors of the plaintiff, were produced, bearing date 8th July, 1790. The patentee enter-ed into possession in 1796, claiming to own the whole lot, and continued in the possession of the same down to the time of trial; he sold parts of the lot, but reserved the premises in question, together with some other lands as a *wood lot*, and refused on that account to sell a part of the premises, of which he always claimed to be the owner, alleging that he paid the fees for surveying the lot when he first went into pos-

session. There was a *stone quarry* on the premises in question, from which stone had been taken by the patentee for building, 25 years before the trial, and at various times since. The defendant claimed under a deed from the *surveyor general* to R. Dill, bearing date 21st July, 1792, by which the 50 acres in question were conveyed for the non-payment of the expenses of surveying the lot. R. Dill conveyed his interest to J. Dill in 1811, and in 1827 the defendant went into possession under the title of J. Dill, and immediately thereafter this suit was brought. The lessors were the patentee and D. Gee, to whom the patentee conveyed the premises in 1820. A verdict was taken for the plaintiff, subject to the opinion of this court whether the plaintiff has shewn such *an adverse possession* of the premises in question so as to entitle him to recover against the defendant, who held under a title which had been declared by this court *valid*, on a motion to set aside a former verdict. See 2 Wendell, 537.

*J. A. Spencer*, for plaintiff.

*J. A. Collier*, for defendant.

*By the Court*, SAVAGE, Ch. J. On the question reserved, there cannot be much doubt. John Gee took possession of the whole lot, claiming it as his own, under a patent from the state for the whole lot. To constitute an adverse possession there must in all cases be a claim of title—a deed need not be shewn as evidence of that title ; but where there is no paper title, there must be a *pedis possessio*—an *actual occupancy*— a *substantial enclosure*. Where a party claims to hold adversely a whole lot, by proving actual occupancy of a *part* only, his claims must be under a deed or paper title. Color of title under a deed, and *occupancy of part*, is sufficient proof as to a single lot, to the extent of the bounds of such lot ; unless, indeed, the paper title include a large patent or tract, much more than can be necessary for the purposes of cultivation. 1 Cowen, 276, 609. In this case we may be supposed to know that a lot in the military tract contains 600 acres. How much the lessor had sold does not appear, nor

how much he reserved for cultivation; but it does appear that the premises in question had been appropriated as a wood lot, and were expressly claimed by the lessor as belonging to him. This was, under the circumstances of this case, all the possession which was required to constitute an adverse possession. If the possession was adverse, and had been so for more than 20 years, as it had in this case, then that possession ripened into a title, and the plaintiff must recover against the defendant, though the paper title to the 50 acres is in reality not in him.

The plaintiff's possession being adverse in 1811, when Robert Dill conveyed to John Dill, that conveyance is inoperative and void.

On both grounds, therefore, the plaintiff is entitled to judgment.