INHABITANTS OF WINTHROP *versus* INHABITANTS OF AUBURN.

Under the special Act of 1842, chap. 9, sect. 3, by which the town of Auburn was incorporated, wholly from a portion of the town of Minot, a person, whose settlement in Minot had been gained by a residence in that part of it, made into the new town, is held to have his settlement in Auburn, if he have not gained a new one elsewhere.

ASSUMPSIT for supplies furnished to Elias Chick and family

as paupers. It was admitted that Chick had gained a settlement in Minot by residing and having his home more than five years in that part of it which, on the 24th of February, 1842, was incorporated into the town of Auburn. The defendants contended that, if the pauper did not actually dwell and have his home in the bounds of Auburn, at the time of its incorporation, that town is not liable in this action.

It was proved that Chick removed into the town of Winthrop, in January, 1836, and there was evidence tending to show that he had resided there the most of the time since, and it was not proved that he had a residence in Minot or Auburn since that period.

There was no evidence that said pauper actually dwelt and had his home in the bounds of the town of Auburn, at the time of its incorporation, nor that he had resided for five years together in the town of Minot, or Auburn, subsequent to the sixth of January, A. D. 1836.

WELLS, J., instructed the jury, *that* this was the case of a division of a town, as provided for in the first clause of the fourth mode of gaining a settlement; *that*, upon the division of Minot, the paupers' legal settlement would be in that part of the divided territory, wherein his last dwelling-place fell, if he had not gained one elsewhere, though absent therefrom at the time of such division; *that*, as it was admitted said pauper had dwelt and had his home on that territory of Minot, which now constitutes the town of Auburn, for five years prior to January, 1836, the latter town thereby became liable for the support of said pauper, unless it appeared he had subsequently gained a legal settlement in some other town.

The verdict was for the plaintiffs, and the defendants excepted.

*J. Goodenow*, for the defendants.

1. The case shows that the pauper did not dwell and have his home within the bounds of the town of Auburn, when it was incorporated, to wit, on the 24th February, 1842. He had gained a settlement in Minot, prior to 1836 ; but had removed therefrom, when it was divided and a part of it incor-

porated into a town by the name of Auburn. His settlement, therefore, was not transferred from Minot to Auburn, and if not, the defendants are not liable, and the position taken at the trial is correct. To this point is cited, *Hallowell* v. *Bowdoinham*, 1 Greenl. 129 ; *MtDesert* v. *Seaville*, 20 Maine, 343 ; *New Portland* v. *Rumford*, 13 Maine, 300 ; 4 Metc. 571.

2. Admitting that the instruction of the presiding Judge was correct, in relation to the case being that of a division of a town, as provided for in the first clause of fourth mode of gaining settlements in the Revised Statutes, yet this instruction is materially modified. The jury are further instructed, that, as it was admitted, the pauper had dwelt and had his home on the territory of Minot, which now constitutes the town of Auburn, for five years prior to January 6, 1836, the latter town thereby became liable, unless it appeared he had subsequently gained a legal settlement in some other town.

This instruction is conceived to be erroneous, and inconsistent with what preceded it. The town of Auburn did not thereby become liable, unless the pauper, after that time, gained a settlement in some other town than Minot. The last dwelling-place of the pauper in Minot, prior to the division, may have been in what is now Minot. The plaintiffs say, the pauper's settlement is in Auburn ; this is denied, and the burden of proof is with the plaintiff, to satisfy the jury of this fact. But by this instruction, they may have been led to simply determine, whether, since 1836, the pauper gained a legal settlement in some other town than Minot ; and if they find he did not, then, inasmuch as it is admitted he once lived there, on what is now Auburn, therefore, the defendants are liable.

3. If the pauper had been chargeable to the town of Minot, when it was divided, his legal settlement would have been unchanged by the act of division, though the defendants may have been obliged to contribute to his support. Special Laws, 1842, chap. 9, sect. 3.

4. The Act incorporating the town of Auburn, and the provision therein respecting paupers, was designed to apply to

those only, who dwelt and had their homes in Minot, at the time, and did not embrace the descendants of those who had previously removed therefrom. The inhabitants only, were invested with the rights and privileges that other towns enjoy. *Freeport* v. *Pownal,* 23 Maine, 472 ; *Smithfield* v. *Belgrade,* 19 Maine, 390 ; *Harvard* v. *Boxborough,* 4 Metc. 571.

*May,* for the plaintiffs.

The defendants also filed a motion for a new trial.

HOWARD, J. — The town of Minot was divided in 1842, and one portion of it incorporated as the town of Auburn. From facts admitted, it appears, that Elias Chick, the alleged pauper, had acquired a legal settlement in Minot, on that part of the territory thus incorporated, prior to January 6, 1836 ; although he did not reside in either of those towns at the date of the incorporation of Auburn.

The settlement thus acquired, continued until lost, or defeated, by gaining a new settlement, in some of the modes prescribed by statute. Act of 1821, c. 122, § 2 ; R. S. c. 32, § 1, 2. By the act by which Minot was divided, and Auburn incorporated, (Special Laws, 1842, c. 9, § 3,) it was provided, that " all persons who may hereafter become chargeable as paupers, shall be considered as belonging to that town on whose territory they may have gained a legal settlement, and shall be supported by the same."

Upon the division of Minot, the legal settlement of Chick, previously acquired in that town, if he had not gained a new settlement elsewhere, became fixed in Auburn, and would continue until another had been gained by him in some other town.

The only instructions of the presiding Judge, recited in exceptions, were to this effect, and they are unexceptionable.

The wife and children of Elias Chick would follow and have his settlement, (R. S. c. 32, § 1,) and supplies duly furnished to them, as paupers, would be recoverable from the town in which he had a legal settlement.

We do not discover from the report, that the verdict is

against the evidence, the weight of evidence, the instructions of the Judge, or the law; and the exception and motion are, therefore, overruled.