## SCHUHMAN *v.* GARRATT *et al.*

THE acceptance of a deed does not, in favor of a stranger—that is, one neither party nor privy to the deed—estop the grantee in fee from showing that the grantor had no title at the date of the deed.

Estoppels are mutual, and bind both parties or neither ; and, as a person neither party nor privy to a deed is not bound to acknowledge a title under it, so the grantee in the deed is not bound by it in favor of such person.

Whether this principle would be affected by the fact that the grantee in such case obtained actual possession under his deed, not determined.

APPEAL from the Twelfth District.

The facts appear in the opinion of the Court.    On the trial, the Court charged the jury in effect, that if defendant, Garratt, took a lease from Sherman, and Sherman got his title from Geo. C. Potter, Garratt was estopped from denying Potter's title.    Verdict and judgment for plaintiff.

A new trial was granted.    Plaintiff appeals.

*Campbell & Pratt,* for Appellant.

The title acquired of Turner, if any, under the deed on the foreclosure of Hutton's mortgage to Sherman, cannot be set up by defendants against the right of plaintiff. Sherman obtained deed and possession from Geo. C. Potter, and defendants claiming, as lessees, through Sherman, cannot set up title in Sherman or Turner against the title of plaintiff acquired from Potter, and ante-dating the deed from Potter to Sherman. (6 Cow. 401; 2 Smith's S. C. 655, notes.)

It is not contended that the acceptance of a deed will conclude the grantee from disputing the title of the grantor, but the grantee is so concluded when he acquires possession by and with the deed. (*Clark* v. *Baker,* 14 Cal.; *Clark* v. *Boyreau,* Id.; *Brush* v. *Maydwell,* Id.)

*Wm. Blanding,* for Respondents.

1. In point of fact, no estoppel could arise on the deed of George C. Potter to Wm. T. Sherman, for it restricts the quantity of the estate conveyed to "the interest derived by said Potter by the foreclosure and sale of a certain mortgage from G. M. Hutton, and dated tenth of April, 1854."

Potter would not have been estopped from showing that he had no title at the date of this deed, (as for instance, that the Sheriff had never executed to him a deed in pursuance of such sale) therefore neither would Sherman be estopped, because the vital principle of an estoppel is mutuality.

2. But if, as between Sherman and Potter, Sherman and those holding under him are estopped from denying the title of Potter, they are not so estopped as between them and this appellant.

Appellant is neither party nor privy to that deed, but is a stranger to it. Being a stranger, he is not bound by it, and therefore cannot take advantage of it, nor any estoppel created by it. (*Averill* v. *Wilson,* 4 Barb. 180.)

3. The acceptance of a conveyance does not estop the grantee from showing that the grantor had no estate in the land conveyed. (*Sparrow* v. *Kingman,* 1 Comst. 242; *Averill* v. *Wilson,* 4 Barb. 180; *Bigelow* v. *Finch,* 11 Id. 498; 15 Mass. 499; 2 Smith's Leading Cases, Hare and W. notes, 568.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. and FIELD, C. J. concurring.

Ejectment for a lot in San Francisco.

This is an appeal from an order granting a new trial, and setting aside a verdict and judgment in favor of the plaintiff below.

The plaintiff deraigned title through an attachment in favor of one Hillman against George C. Potter, which was levied on this lot on the seventeenth of November, 1854; judgment obtained in the attachment suit, and deed made in October, 1857. Respondents set up a mortgage, dated November 22nd, 1853, by one Hutton to W. T. Sherman to the premises. This mortgage was foreclosed, and a deed made under the decree to H. S. Turner, July 1st, 1858. Respondents took a lease from Sherman on the eleventh of November, 1856. Sherman, on the twenty-third of April, 1857, conveyed premises to Turner; respondents before this suit, by direction of Sherman, attorned to Turner. Plaintiff showed a deed from George C. Potter to Sherman, dated June 18th, 1855, contending that respondents, as lessees of Sherman, were estopped from denying the title of George C. Potter. The deed from Potter to Sherman conveyed "the interest derived by said Potter by the foreclosure and sale of a certain mortgage from G. M. Hutton, dated April 10th, 1854."

We assume that the title was in Hutton when the mortgage to Sherman was made. The effect of the decree and sale was to vest the title in the purchaser (and the title would thus relate to the date of the mortgage) if the necessary parties were made. But it is said that to this decree Potter was not a party, and therefore he was not bound by it. It is not shown expressly that Potter was the assignee of Hutton at the time of this suit of Sherman or of the decree, or the successor, in interest, in any way, of Hutton, except that it is insisted that Sherman took the deed before described from Potter, and that thereby Sherman acknowledged Potter's interest in the premises, and hence, that these lessees, claiming through Sherman, cannot dispute Potter's title; therefore, as the plaintiff has an older title from Potter than that of Potter to Sherman, he is entitled to recover from these lessees of Sherman, though the latter acknowledge and hold under the title of Turner deraigned from Sherman. But the plaintiff claiming through this Sheriff's deed to Potter (which was made after the sale of the premises, bound by the levy of the attachment) takes only such title as Potter had in the property at the time of the levy of Hillman and the subsequent sale. There is no evidence here that Potter had any title, except from the fact that Sherman took a deed from him of his interest derived from this sale

under the mortgage from Hutton to Hillman, dated April 10th, 1854. But this deed from Potter to Sherman is no estoppel in favor of the plaintiff. He was neither party nor privy. He would not be bound to acknowledge the title of Sherman'or of Turner, under this deed to Sherman, and estoppels are mutual and bind both parties or neither. At the time Potter pretended to convey to Sherman, the plaintiff had no claim to the premises. He could not object to the deed to Sherman; that deed, if it conveyed any interest, was taken subject to the lien of the attachment of Hillman, it is true; but when the plaintiff bought under the attachment sale, he bought an interest adverse to that before acquired by Sherman.

If he got any title, it was a paramount title to that of Sherman, derived from Potter, and existing by virtue of the lien of the attachment. But he was not bound to give any effect to the deed of Sherman, and therefore, he cannot claim that Sherman is bound by taking the deed to acknowledge the title which he got through Potter.

There is no question as to the possession of Sherman under Potter, or the effect of it upon the principle here asserted. That is a matter of fact which was contested below, and we cannot decide it on this appeal, the proofs being conflicting. Whether the principle would be at all affected by this fact, it is not necessary to determine.

Order affirmed.