## R. B. CANNON v. D. M. STOCKMON.

PURCHASE OF ADVERSE CLAIM OF TITLE TO LAND.—The purchase of an outstanding adverse claim to land by one in possession claiming adversely to all others, for the purpose of quieting his title, does not estop him from setting up the Statute of Limitations against a third party also claiming under an adverse title.

ESTOPPEL BY PURCHASE OF ADVERSE CLAIM TO LAND.—One who is in possession of and claiming to own land does not admit title in another because he buys the other's claim of title solely to quiet his own title and avoid litigation. Such purchaser is not estopped by such purchase from denying the validity of the claim thus purchased.

TITLE ACQUIRED BY ADVERSE POSSESSION.—A person in the adverse possession of land for five years, claiming to own the same exclusive of any other right, thereby acquires a fee simple title to the same; and if he is then ousted, even by the party having the paper title, he can recover possession at any time before his right of action is barred by a five years' adverse possession.

FIVE YEARS' ADVERSE POSSESSION.—A defendant in ejectment, who relies on the Statute of Limitations, need not prove adverse possession for the five years *next preceding* the commencement of the action. His defense is complete if he shows a five years' continued adverse possession, although not the five years *next preceding* the commencement of the suit.

IDEM.—When the fee is once acquired by a five years' adverse possession, it continues till conveyed by the possessor, or till lost by another adverse possession of five years.

EVIDENCE OF ACTS AND DECLARATIONS OF ONE IN POSSESSION.—The party claiming title by virtue of five years' adverse possession may give in evidence his acts and declarations made or done at any time while in possession, for the purpose of showing the character in which he claimed.

APPEAL from the District Court, Seventh Judicial District, Solano County.

This was an action to recover two undivided one third parts of west half of Lot Five, Block Nine, Suisun City, Solano County.

The complaint averred seizin and possession in the plaintiff on October 10th, 1862, and ouster by defendant on the same day. There was also an averment that plaintiff demanded to be let into possession on the same day. Suit was commenced July 21st, 1866.

The plaintiff relied on a patent from the State of California to John W. Owen, dated November 24th, 1855, and a deed from Owen to himself, dated June 10th, 1864.

The defendant relied on the adverse possession of himself and those under whom he claimed, which adverse possession commenced in 1856 by E. P. Hilborn entering upon the land. The plaintiff, in rebuttal, offered testimony to show that in 1861 one Rush, who claimed to own the property, deeded it to D. E. Stockmon. The defendant had previously shown a conveyance in 1862 from one Marston and D. E. Stockmon to himself. The Marston title originated in Hilborn's possession, while the Rush claim of title originated in Owen, the plaintiff's grantor, Rush having recovered judgment against him for an undivided one third of the demanded premises on the 30th day of May, 1861. The plaintiff sought to show that the defendant, by accepting the conveyance from Rush, admitted the validity of the plaintiff's title.

The plaintiff recovered judgment, and the defendant appealed.

The other facts are stated in the opinion of the Court.

*M. A. Wheaton,* and *T. M. Swan,* for Appellant, argued

that the instruction given at plaintiff's request was erroneous, because the statute did not require the five years' adverse possession to be the five years immediately preceding the commencement of the suit.

They further argued that the instruction injured the defendant, because there was testimony tending to show that the defendant's grantors had been in five years continuous adverse possession before 1861. They also maintained that the purchase of the outstanding claim of Rush was not *per se* an admission of plaintiff's title, and an estoppel on the defendant; and cited *Sparrow v. Kingman*, 1 Comstock, 246; *Averill* v. *Wilson*, 4 Barb. 184, and *Schuhman* v. *Garratt*, 16 Cal. 100.

They further argued that a purchaser who had obtained a conveyance held adversely to his grantor, and might controvert his title; and cited *Bright's Lessee* v. *Rochester*, 7 Wheat. 548, 549; *Ousterhout* v. *Shoemaker*, 3 Hill, 517, 518; *Watkins* v. *Holman*, 16 Peters, 53, 54; *Voorhees* v. *White's Heirs*, 2 A. K. Marshall, 27; *Winlock* v. *Hardy*, 4 Lib. 474.

*William S. Wells*, for Respondent.

We rest the case upon the principle that a connection with and claim under our title being established, the party holding is presumed to be in subordination to the right of the cotenant; that therefore no mere tacit retention of the possession disseizes his cotenant; that there must be an open, actual ouster or deprivation of the possession. To this extent is the opinion of Lord Hobart, cited in Angell on Limitations, section four hundred and twenty-two; and this position is fully sustained by our own Court, in *Owen* v. *Morton*, 24 Cal. 373, and *Carpentier* v. *Mendenhall*, 28 Cal. 485; and this last is, we insist, in point and decisive of the case, holding that "where a person in possession of land unlawfully afterwards becomes a tenant in common in the ownership of the same, the moment he becomes such tenant

in common his possession loses its hostile character, and the presumption is that it remains amicable until the contrary is made to appear."

Therefore, the fact that D. E. Stockmon was in possession under the title of Rush, claiming as such from the date of his conveyance, June 7th, 1861, ignoring, or at least at no time claiming or pretending to claim under the Hilborn or Perkins possession, and in no privity with it until joining in a quitclaim deed with Marston to this defendant, constitutes such a break in the pretended adverse possession as deprives this assignment of error of all merit.

By the Court, SAWYER, C. J.:

This is an action to recover land. The answer sets up the Statute of Limitations as one defense. It appeared that, after defendant and his grantors had been in possession for several years, a conveyance was taken from parties claiming title. The Court gave several instructions, at the request of plaintiff, and among them instructions to the effect that, to maintain the defense, it was necessary for the defendant to show that he had been in the continued exclusive possession for five years *next preceding* the commencement of the suit under a claim of title; that such claim must be absolute and exclusive of any other right, and that if during that time the defendant, or those under whom he claims, either by declaration or conduct, asserted their title to be in another person or persons, the statute cannot run in his favor. The defendant, thereupon, asked the Court to give, among other instructions, the following: " A party in possession of premises, claiming to own the same, may buy his peace by purchasing any outstanding title, or claim of title, without admitting such title, or claim of title to be valid," which the Court refused to give. In this we think the Court, clearly, erred. We have no doubt that the instruction refused correctly states the law on the point. A party may very well

deny the validity of an adverse claim or title, and yet choose to buy his peace at a small price, rather than be at great expense and annoyance in litigating it.   And such is, doubtless, often the wiser course.   It is notorious that, in the confusion of titles to land in this State, it is a matter of every day experience to buy up not one, only, but many adverse claims, even where the party buying believes he has, and actually has, the better title.   To adopt any other principle than that embraced in the instruction refused, would, in this State, be, to deprive a very large portion of the holders of real estate, if not nearly all of them, who stand in need of it, of all benefit of the Statute of Limitations.   A party is not bound to admit, and does not necessarily admit, title in another, because he prefers to get rid of that other's claim by purchasing it.   He has a right to quiet his possession and protect himself from litigation in any lawful mode that appears to him most advantageous or desirable.   To hold otherwise would compel him to litigate adverse claims, or by buying one, forego any right to claim the benefit of the Statute of Limitations as to all others.   The principle of the case of *Schuhman* v. *Garratt,* 16 Cal. 100, covers this point. The acts and declarations of the possessor may, doubtless, be given in evidence with a view of showing the character of his claim, but whether the possession is adverse or not is a question for the jury to determine upon all the evidence. If a party is in possession continuously for five years, all the time claiming title exclusive of any other right, he is entitled to the benefit of the Statute of Limitations, no matter how many outstanding adverse claims he may purchase; and the question for the jury to determine on such claim is, whether upon all the evidence, he appears to have been continuously in possession during the time prescribed, claiming title exclusive of any other right.

Since the instruction asked states the law correctly, it should have been given in this case, for it was peculiarly applicable in view of the evidence and the instructions already given at. the request of the plaintiff.   If the plain-

tiff's instructions are conceded to be correct, so far as they go, this instruction was proper in order to present the whole law and guard the jury against any misapprehension of those instructions referring to the assertion of title in another by the acts and deeds of the defendant.

The first instruction given at the request of the plaintiff is erroneous in saying that defendant must have been in the "continued and exclusive possesssion for five years *next preceding* the commencement of this action." The statute says nothing of the kind. A party, to entitle him to *maintain an action* for the possession of land, must have been "seized or possessed of the premises in question within five years before the commencement of the action." (Section 6.) But a party who has been in the continued, exclusive adverse possession for five years, is entitled to the benefit of the Statute of Limitations, although the five years are not "*next* preceding" the commencement of the action. The language of sections nine and ten, applicable to the party in adverse possession, is different from that of section six, applicable to the party seeking to recover on his title against the adverse possessor. When a party has been in the adverse possession for five years, he thereby acquires a title, and if, after he has thus become vested with a right, he is ousted, even by the party holding the paper title, he can recover on his title acquired by his adverse possession at any time within five years after such ouster. *Arrington* v. *Liscom*, 34 Cal. 381, and the numerous authorities therein cited, are conclusive on this point. As an example of the doctrine of the cases in that case cited, we quoted on page 383 from School District Number Four in *Winthrop* v. *Benson*, 31 Me. 384, where the Court say: "A legal title is equally valid when once acquired, whether it be by *disseizin* or by deed; it vests *the fee simple*, although the modes of proof, when adduced to establish it, may differ. * * * When the title is in controversy, it is to be shown by legal proof, and a continuous *disseizin for twenty years is as effectual for that purpose as a deed duly executed.* The title is created by the *existence* of the

facts, and *not by the exhibition* of them in evidence. *An open, notorious, exclusive adverse possession for twenty years would operate to convey a complete title to the plaintiffs, as much so as any written conveyance.* And such a title is not only an interest in the land, but it is one of the highest character, the absolute dominion over it, and the *appropriate mode of conveying it is by deed."* And in *Leffingwell* v. *Warren*, 2 Blackf. 605, the Supreme Court of the United States say: "The lapse of time limited by such statute *not only bars the remedy, but it extinguishes the right, and vests a perfect title in the adverse holder."* (See, also, to same effect, *Taylor* v. *Horde*, 1 Burr, 119; *Stokes* v. *Berry*, 2 Salk. 421; *Crayton* v. *Marshall*, 1 Rice's Eq. 385; *Jackson* v. *Oltz*, 8 Wend. 440; *Jackson* v. *Dieffendorf*, 3 Johns. 269; *Jackson* v. *Rightmyre*, 16 Johns. 327; *Bradstreet* v. *Huntington*, 5 Pet. 438; *Thompson* v. *Green*, 4 O. St. 223; *Newcombe* v. *Leavitt*, 22 Ala. 631; *Chiles* v. *Jones*, 4 Dana, 483; *Alexander* v. *Pendleton*, 8 Cranch, 462.) If the doctrine of these decisions is correct, it certainly is not necessary that the five years' adverse possession should be *"next preceding"* the commencement of the action. For when fee is once acquired by a five years' adverse possession it continues in the possessor till conveyed in the manner prescribed for the conveyance of titles acquired in other modes, or till lost by another adverse possession of five years. So, upon the same principle, if a fee has once vested by a five years' adverse possession, the mere fact that the party, who has thus acquired a title already perfect, afterward asserts title also under some other title subsequently acquired, would not defeat the good title already vested under the Statute of Limitations. Acts and declarations of the party respecting his claim, at any time while in possession before commencement of the action, whether within or after five years after the commencement of his possession, would be admissible, as tending to show the character in which he claimed during the whole time, but the question as to whether there had been, at any time, a continuous adverse possession

of five years, must be determined by the jury from all the evidence bearing upon the question.

We are not only satisfied that the views here expressed state the doctrine established by the great mass of adjudications upon Statutes of Limitations affecting actions for the recovery of land, but that the construction adopted is the one best calculated to give full effect to the wise policy of such statutes by putting an end to vexatious litigation and affording repose to those who have been suffered by the *laches* of adverse claimants to remain for a long time in the possession of the soil under a claim of right. The instructions given, so far as they are inconsistent with the principles announced in this opinion, are erroneous. Judgment and order denying new trial reversed and new trial granted, and remittitur directed to issue forthwith.

Mr. Justice SANDERSON dissented.