# HENRY T. CHILES *et al.*

*v.*

# THOMAS C. DAVIS.

1. REDEMPTION—*how made.* Where land is sold under execution, the only mode to vacate the sale so as to restore the debtor to the same rights he held in the land before the sale, is under the statute authorizing redemption, which provides that "in all cases of redemption of land from sale had under any attachment, judgment, order or decree, or proceeding thereunder, it shall be the duty of the purchaser, sheriff, master in chancery, or other officer or person from whom said redemption takes place, to make out an instrument in writing under his hand and seal, evidencing said redemption, which shall be recorded in the proper county," etc.

2. While the payment of the requisite sum to the purchaser, without taking a certificate of redemption, may create an equitable right, yet, not being in the mode prescribed by the statute, it can not be set up and relied upon at law, to defeat the sale and conveyance by the sheriff. The redemption can not rest in parol, the statute having, in terms, required that it shall in all cases be in writing and under seal. Such an attempt at redemption, it seems, could not be relied upon as an estoppel at law, any more than any other parol evidence of a sale of land, or mere agreement to convey the title. And if it amounts to a redemption in equity, it only creates an equitable estate, which must be asserted in chancery.

3. In an action of ejectment, it appeared the legal title to the premises in controversy was at one time in the defendant, but that the lands had afterwards been sold under an execution against him, and the plaintiff had paid to the purchaser a sum of money and received an assignment of the certificate of purchase to himself, and the sheriff executed to him a deed. It was sought to interpose as a defense, that the assignment of the certificate of purchase to the plaintiff was by the procurement and for the benefit of the defendant: *Held*, admitting such to be the fact, and that the lands, in equity, belonged to the defendant, yet the defense could not be relied on to defeat a recovery at law,—such transaction did not have the effect of a redemption.

4. If the plaintiff advanced the money to pay for the assignment of the certificate of purchase to him, he would have a lien on the land for the money thus advanced, and for all taxes paid and other expenditures necessarily made upon or on account of the land, which he should not be required to surrender until the money is refunded, and treating the transaction as a redemption and as constituting a defense to the action of ejectment, would deprive the plaintiff of such lien. The equities of the parties could only be adjusted and enforced in chancery.

5. EJECTMENT—*equitable title.* An equitable estate can not be asserted to defeat a legal title. A fee simple title will always prevail in ejectment, unless it be against a lower grade of legal title or a bar of the statute of limitations.

6. LIMITATION ACT OF 1839—*of the right acquired thereunder.* Where a party has been in possession of lands under the first section of the limitation act of 1839, for the requisite period of time, under claim and color of title made in good faith, with payment of taxes as required by the statute so as to present a bar to the owner, and the latter afterwards acquires possession, he can not use his title either for defense or recovery in ejectment, until he shall have destroyed the bar by purchase or in some other mode. A right thus acquired by limitation is affirmative.

APPEAL from the Circuit Court of Macoupin county; the Hon. EDWARD Y. RICE, Judge, presiding.

Messrs. RINAKER & WELSH, for the appellants.

Mr. JOHN M. PALMER, JR., for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, brought by appellants in the Macoupin circuit court, against appellee, to recover several tracts of land. The certificates of entry and mesne conveyances, read in evidence, show that the title at one time was vested in appellee, and he contends that it is still in him, while appellants insist that they hold the legal title and are entitled to recover the premises. And to show title in themselves, they introduced in evidence the judgment and execution against appellee, and a sheriff's deed to Henry T. Chiles and Walter C. Carr, for the northwest quarter sec. 29, township 10 north, range 7 west of the third meridian. Also a deed from Walter C. Carr to Tarlton W. Childs, for the undivided half of the same tract. They next proved, without objection, the payment of all taxes on the lands in controversy, for the years 1847 to 1857, inclusive.

Appellants then read in evidence, as color of title, a deed from N. H. Ridgley and wife, for the lands in sec. 20, township 10 north, range 7 west third principal meridian, to Chiles and Carr. They then proved, that after receiving the conveyance, about the middle of December, 1845, they took possession of the land in section twenty, and placed one Barrick on the same, and leased the lands to him from from time to time until 1857, and he remained in possession until that time, when appellee obtained possession from Barrick; that he remained on the premises until he let Davis into possession in 1857. Appellee moved the court to exclude this evidence, but the motion was overruled.

It is not denied that appellants showed *prima facie* a title in fee to the quarter in sec. 29, by the patent, mesne conveyances and sheriff's deed. This we think is manifestly true. But it is claimed that a redemption was had before the expiration

of twelve months after the sale. The evidence shows, that Chiles and Carr paid a sum of money to Rockhill, the purchaser, and took an assignment of the certificate of purchase to themselves, upon which the sheriff afterwards made to them the deed read in evidence. But in a correspondence with appellee, appellants say, in one of their letters, that " the land on which you lived in Illinois has long since been redeemed by us, and for several years we have been looking forward to the time when it could be sold to some advantage." And they ask appellee to execute a power of attorney authorizing them to sell, so they might make a warranty deed and thus enhance the price. They say Barrick is still on the land, but they had not been able to get rent of him, except in erecting a small tenement. The statute (sec. 33, p. 383, Gross' Comp.) provides, that in all cases of redemption of land from sale under any attachment, judgment, order or decree, or proceeding thereunder, it shall be the duty of the purchaser, sheriff, master in chancery, or other officer or person from whom the redemption takes place, to make out an instrument in writing under his hand and seal, evidencing the redemption, which shall be recorded in the proper county. This is the only legal mode of vacating the sale, and restoring the debtor to the same rights he held in the land before its sale. By paying the requisite sum to the purchaser, without taking a certificate of redemption, may create an equitable right which a court of chancery would recognize and enforce, but not being in the mode prescribed by the statute it can not be set up or relied upon at law to defeat the sale and conveyance by the sheriff. The statute designed that the redemption shall not rest in parol, because it, in terms, requires that it shall, in all cases, be in writing and under seal.

Nor do we see that it could be relied upon as an estoppel at law, any more than any other parol evidence of a sale of land, or a mere agreement to convey the title. If it amounts to a redemption in equity, it only creates an equitable estate, which must be asserted in chancery. An equitable estate can

not be asserted to defeat a legal title. A fee simple title will always prevail in ejectment, unless it be against a lower grade of legal title or a bar of the statute of limitations.

The evidence contained in the correspondence proves, if any thing, but the declaration of a trust, and not a redemption. Whether the money paid for the assignment of the certificate of purchase was furnished by appellee or by Chiles and Carr, does not appear. But it does appear, that they have paid taxes on the land to a considerable amount. And even if the assignment of the certificate of purchase was in fact obtained for the benefit of appellee, and he should be able to prove that the land in equity belongs to him, and appellants are but trustees, still, if they advanced the money to pay for the assignment of the certificate, they have an undoubted lien on the land for the money thus advanced, and all taxes paid and other expenditures necessarily made upon or on account of the land, which they should not be required to surrender until the money is refunded. But if this could be treated as a redemption, and was permitted to be pleaded or relied on to defeat a recovery at law, they would be deprived of their lien. The equities of the parties can not be adjusted and enforced in an action of ejectment, but it must be done in a court of chancery.

From what has been said it follows, that the court below erred in permitting the evidence to be introduced, and in instructing the jury that if they believed it showed a redemption they should find for appellee. This was, at most, but a declaration of trust, and it was not a defense at law. In this ruling of the court there was error.

As to the lands situated in section twenty, appellants proved claim and color of title, and payment of all taxes legally assessed thereon, for the period of ten years, and they insist they proved possession of the premises by their tenant for more than that period, and coinciding with the payment of taxes and their claim and color of title.

And if Barrick was in possession as the tenant of appellants, and not of appellee, then the three things required by the statute, claim and color of title, payment of taxes, and possession concurred in for seven years, the bar of the first section of the statute of 1839 became complete, and could be asserted against the original title in fee. But whether Barrick was appellants' tenant during that time, is a question for the jury, to be determined under proper instructions from the court.

In the case of *Hinchman* v. *Whetstone,* 23 Ill. 185, it was held, that where a party has been in possession under the first section of this act, for the requisite period of time, under claim and color of title made in good faith, with payment of taxes as required by the statute, so as to present a bar to the owner, and the latter afterwards acquires possession of the land, he can not use his title either for defense or recovery in an ejectment, until he shall have destroyed the bar by purchase or in some other mode. And a right thus acquired by limitation is affirmative, and may be enforced by the party who has acquired it, even against the title thus barred.

If, then, appellants have shown the requisite possession by themselves or tenant, they had a right, so far as this record discloses, to recover the lands situated in sec. 20, unless appellee has destroyed the bar by purchase, or by possession under claim and color of title, and payment of taxes for the statutory period, after appellants obtained their bar. These are questions for another jury, to be determined from the evidence that may then be adduced.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*