WARREN COTTLE, Respondent, v. JOHN P. HENNING, Appellant.

No. 2692; November 28, 1871.

Adverse Possession—Appeal.—A Finding as to the Length of an adverse possession, if made up by the court below on evidence substantially conflicting, is not to be disturbed on appeal.

Adverse Possession—Purchase by Occupant.—It is possible for a person in possession adversely to continue to hold adversely to an asserted title notwithstanding he has, while so in possession, purchased or attempted to purchase an interest in such title; but the fact of such purchase is admissible in evidence against him.

APPEAL from Third Judicial District, Santa Clara County.

S. O. Houghton for respondent; Moore & Laine, for appellant.

WALLACE, J.—It is true that on the eighteenth day of April, 1863, the title of the plaintiff had not been finally confirmed, within the intent of section 7 of that act—that is, the patent had not been issued by the government of the United States, nor the official survey of the rancho finally determined. Even if we are to hold that in such a case the bar of the statute became applicable in April, 1868, and that the action would, therefore, fail, because not commenced until December of that year, we could only do so upon the assumption that the possession of the defendant had been adverse during all that period of time; but the court below found as a fact that the possession of the defendant was not adverse in its character. In view of this fact, the time at which the plaintiff's title became finally confirmed is wholly immaterial. One of the grounds of the motion for a new trial is that the evidence does not support this finding. Upon the trial the character of the defendant's possession was brought prominently in controversy. The defendant was examined and cross-examined upon that point, as were other witnesses. The defendant also proved that he first entered under the deed from Williams de-

rived under a title on asserted title other and different from the title under which the plaintiff claims.

The plaintiff, upon the other hand, proved that the defendant, subsequently, and while in possession, had purchased an undivided interest in the premises from one Montgomery, then a tenant in common with the plaintiff, claiming under the same title as that held by the plaintiff, and that the defendant, when called upon by the assessor for a statement of his property, gave in certain lands as his own, but omitted the premises in controversy, though he was then in the possession thereof; and it was not pretended that this omission was a mistake or oversight upon his part. The evidence was thus, if considered in the light most favorable to the defendant, substantially conflicting upon the point of adverse possession by the defendant. We do not understand the court below to have determined that the purchase subsequently made from Montgomery by the defendant operated per se to render the possession of the defendant thereafter no longer adverse. Such a determination would have been erroneous under the ruling made here in Cannon v. Stockmon, 36 Cal. 535, 95 Am. Dec. 205, where it was distinctly held that a party already in possession adversely might continue to hold adversely to an asserted title, notwithstanding he had, while so in possession adversely, purchased or attempted to purchase an interest in such title.

But it cannot be doubted that it would be competent to prove the fact that a purchase was so made as evidence tending to show that thereafter the possession was held by the defendant in subordination to the title in which he had so acquired an interest.

The judgment and order must therefore be affirmed, and it is so ordered.

We concur: Rhodes, C. J.; Crockett, J.; Temple, J.; Sprague, J.