[No. 6608.—Department One.]

## B. F. LANGFORD v. BERNARD POPPE.

STATUTE OF LIMITATIONS —TITLE—EJECTMENT.—When a party has been in the adverse possession of land for the period prescribed by the Statute of Limitations, he thereby acquires a title; and, if afterward ousted by the former owner, can recover the possession.

ID.—ID.—The acquisition of a right of property by adverse possession depends upon the adverse holding of the person claiming the right; and such adverse holding is not interrupted or suspended by an action of ejectment brought by the owner against the adverse holder, and afterward dismissed. So *held*, where the owner took possession of the land sued for pending the suit, but after the expiration of the statutory period.

ID.—CONSTRUCTIVE POSSESSION—COLOR OF TITLE.—A. and P. were respectively in the actual possession of portions of a quarter-section, lying to the north of the river M., which ran across the southern part of the section, parallel to its southern boundary, the two together occupying the whole of the quarter-section north of the river, and the portion to the south not being actually occupied by anyone. A State patent, including the quarter-section, was issued to A. in 1862, and a United States pre-emption patent for the quarter-section, conveying the title thereto, was issued to P. in 1863, and the parties continued in the actual possession of the tracts respectively occupied by them, claiming under their patents. *Held*, that A. by his patent acquired constructive possession of the land lying south of the river, and continued to have such possession after the issue of the patent to P.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial in the Fifth District Court, County of San Joaquin. BOOKER, J.

Ejectment to recover the south-west quarter of Section 11, T. 4 S., R. 8 E., Mt. Diablo meridian—the complaint alleging ownership in fee, and an ouster, on the 1st day of February, 1874. The river Mokelumne runs across the southern part of the quar-

ter-section, about parallel with the southern boundary. The Court found that on the day named the plaintiff was the owner and entitled to the possession of the land in controversy, except a parallelogram containing fifty acres on the west side thereof, bounded on the south by the river; and gave judgment accordingly.

The other facts are stated in the opinion.

The case is now pending in the Supreme Court of the United States, on writ of error.

*J. H. Budd*, and *Greathouse & Blanding*, for Appellant.

The defendant acquired a valid title to the land by his patent from the United States, and the State patent to Athearn conveyed no title.

The plaintiff acquired no title by the Statute of Limitations,

1st. The defendant commenced his action for the possession of the land within a year from the issuance of his patent, and while his right to the possession was preserved by the pendency of the action, peaceably took the possession. (1 Bing. 158; 7 Term Rep. 432; 1 Price, 53; 5 Taunt. 202.)

2nd. The running of the statute was interrupted by the stay of execution upon the appeal; during which time there was a statutory prohibition against the defendant obtaining possession. (Code Civ. Proc. § 356.)

3rd. The Statute of Limitations does not confer ownership, (*McCreery* v. *Sawyer*, 52 Cal. 257; *McCreery* v. *Duane*, id. 262. The point was not involved in *Arrington* v. *Liscom*, 34 Cal. 365) or in the other case cited by respondents' attorneys. Section 1007 of the Civil Code is not retroactive, and, if so intended, would be unconstitutional and void. (§ 8, art. i. of the old Const., Const. U. S. Amdt. xiv.)

*Terry & McKinne*, for Respondent.

The plaintiff acquired title by an adverse possession of over four years. (*Arrington* v. *Liscom*, 34 Cal. 365; *Cannon* v *Stockmon*, 36 id. 540; *San Francisco* v. *Fulde*, 37 id. 351; *Farish* v. *Coon*, 40 id. 54; *Love* v. *Watkins*, id. 565; *Williams* v. *Sutton*, 43 id. 73; *Morris* v. *De Celis*, 51 id. 56.)

The pendency of the former action had no effect on the Statute of Limitations, except so far as that case was concerned. (*Davenport* v. *Turpin*, 43 Cal. 602.) The plaintiff had constructive possession of the strip of land south of the river. (*Crane* v. *Ghiradelli*, 45 Cal. 235 ; *Hicks* v. *Coleman*, 25 id. 122 ; *Russell* v. *Harris*, 38 id. 426 ; *Walsh* v. *Hill*, id. 487 ; *Donahue* v. *Gallavan*, 43 id. 574.)

McKINSTRY, J. :

The only question to be considered is, whether the plaintiff can recover upon a title acquired through or by means of the Statute of Limitations. It is not necessary to determine whether the effect of possession under the statute is to transfer to the actual occupant the title of one previously the real owner, or to create a *new title* in the possessor—the title of the previous owner and his right to assert it becoming extinguished at the expiration of the period of adverse possession. It was said by SAWYER, C. J., in *Cannon* v. *Stockmon*, 36 Cal. 540: " When a party has been in adverse possession for five years, he thereby acquires a title, and if, after he has thus become vested with a right, he is ousted, even by the party holding the paper title, he can recover on his title acquired by his adverse possession." In the same case the learned Chief Justice quoted the language of the Supreme Court of Maine, in *Winthrop* v. *Auburro*, 31 Me. 465, where it was said : " An open, notorious, exclusive, adverse possession of twenty years would operate to convey a complete title to the plaintiffs, as much so as any written conveyance." And the Supreme Court of the United States has declared : " The lapse of time limited by such statute not only bars the remedy, but extinguishes the right, and vests a perfect title in the adverse holder." (*Leffingwell* v. *Warren*, 2 Black, 605. See also the numerous cases cited in *Cannon* v. *Stockmon*, and in *Arrington* v. *Liscom*, 34 Cal. 381.)

Even if the adjudications left the matter in doubt, § 1007 of the Civil Code provides : " Occupancy for the period prescribed by the Code of Civil Procedure as sufficient to bar an action for the recovery of property, *confers a title thereto*," etc.

The case shows that Athearn had actual and exclusive possession, claiming title of all the land in controversy, except a strip

of six or seven acres lying south of the river, from some time in the year of 1856, until his death in 1867. January 8th, 1862, the State of California issued a patent for the land to Athearn, purporting to convey it as a part of the 500,000 acres grant to the State by Act of Congress. The case also shows that after the death of Athearn the premises remained in the actual and, as against all the world except the heirs of decedent, adverse possession of the administrator of the estate of Athearn, until the execution of a sheriff's deed thereof, (based upon judgment for mortgage, foreclosure, and execution, duly rendered and issued against the said administrator in his capacity as such) to one Valentine, by whom it was held in like possession until the entry of defendant in January, 1874; and that the land was afterward conveyed by Valentine to plaintiff.

Defendant claims title and the right of possession under a patent from the United States, issued to him in November, 1863.

In 1864, defendant commenced an action of ejectment against Athearn, to recover possession of the lands here in controversy, and, after certain proceedings therein had, in 1866, a judgment was rendered in the District Court in his favor for the recovery of the premises. Athearn appealed from the judgment, and gave an undertaking to stay execution during the pendency of the appeal. The Supreme Court reversed the judgment, and ordered a new trial, and the *remittitur* was filed in the District Court in November, 1872. In August, 1874, the said action of ejectment was dismissed.

It is now claimed by appellant that the running of the period prescribed by the Statute of Limitations was interrupted during the pendency of the action of ejectment wherein he was plaintiff, and that plaintiff and his predecessors, therefore, have never had five years' continuous adverse possession since defendant received his patent, in November, 1863.

The acquisition of a right by adverse possession depends upon the adverse holding of the person claiming the right, and not simply upon the acts of one claiming a paramount title, who has been in a position to assert his title during the statutory period. The dismissal of defendant's action of ejectment terminated his right to claim anything by the virtue of that action; and the facts that plaintiff and his predecessors contested the action, and

refused to surrender the possession, only tend to prove that their possession was *adverse.*

From the date of the patent to Athearn in 1862, he and his successors held under *color* of title. Plaintiff, therefore, by virtue of his actual adverse possession of the rest of the tract sued for under the patént, was entitled to recover the strip of land included within the calls of the patent south of the river—which was in the actual possession of no one until the entry by defendant.

Judgment and order affirmed.

Ross, J., and McKEE, J. concurred.