## H. W. JONES v. W. R. BRANDON.

EJECTMENT.   *Plaintiff's adverse possession.    Title by limitation.*
> Ten years' open, continuous, adverse possession, without a statute like Code 1880, § 2668 ; Hutch. Code, p. 829, declaring that it shall confer title, will, under the ordinary statute of limitations, support a recovery in ejectment against the true owner.

APPEAL from the Circuit Court of Wilkinson County.

Hon. J. B. CHRISMAN, Judge, did not sit in this case, but Hon. RALPH NORTH presided by interchange.

The appellee, upon evidence that he had open, adverse possession continuously from 1859 until 1881, recovered in ejectment against the appellant, who, as stated in the opinion, had a deed to the land.

*C. P. Neilson*, for the appellant.

Under Code 1857, p. 398, which is a statute of limitations and alters Hutch. Code, p. 829, which vested title, ten years' adverse possession will not support a recovery from the true owner. *Ellis* v. *Murray*, 28 Miss. 129 ; *Ford* v. *Wilson*, 35 Miss. 490 ; *Dixon* v. *Cook*, 47 Miss. 220 ; *Davis* v. *Bowmar*, 55 Miss. 671.

*D. C. Bramlett*, for the appellee.

The ordinary statute of limitations makes ten years' adverse possession such evidence of title that the possessor, if afterwards dispossessed, can maintain ejectment against the owner. In time, simple possession will ripen into a perfect title. *Gladney* v. *Barton*, 51 Miss. 216.

CHALMERS, J., delivered the opinion of the court.

Can a plaintiff in ejectment recover upon the bare fact of a former open, continuous, unbroken adverse possession by himself and his grantors for such length of time (ten years) as would, if he were a defendant, bar all right of action against him ? This is the principal question presented by this record. That a plaintiff in ejectment can recover against a mere naked intruder upon the strength of his former possession, without regard to the length of it, is well settled both here and elsewhere ; but whether he can recover against one claiming or actually holding the true title, simply by showing a former possession in himself and those through whom he claims, sufficiently prolonged to bar all action against him if he were in possession and were himself a defendant, has not been adjudged in this State, except under the statute of 1844 (Hutch. Code, p. 829), which, like our present law (Code of 1880, § 2668), expressly declared that such possession should confer title.

In the absence of such a provision do the ordinary statutes of limitation operate to give title ? The authorities elsewhere, with an approach to unanimity, answer this question in the affirmative, and the general voice is that even against the true owner, who is in possession of his own, a plaintiff may recover by showing that at a time when those having the right of entry were resting under no disability, he and those under whom he claims, held, for the period prescribed by the statute, open, notorious, exclusive and unbroken adverse possession of the land in controversy, that such possession was not voluntarily abandoned, and that his dispossession has not been sufficiently long to vest the new possessor with a new title. The cases where a former possessor under these circumstances has recovered from the true owner are numerous and date

back to an early day.   Such possession, it was said in Buller's Nisi Prius, 103, " tolls the entry of the person having right, and consequently, though the very right be in the defendant, yet he cannot justify his ejecting the plaintiff."   To this effect is the case of *Stocker* v. *Berny*, 1 Ld. Raym. 741, reported also as *Stokes* v. *Berry*, 2 Salk. 421.   Judge Washington said, in *Holtzapple* v. *Phillibaum*, 4 Wash. C. C. 356, 367, 368, " that an adverse possession in the defendant, for the length of time which will prevent a plaintiff from recovering in ejectment, will also give to the plaintiff, who has had such a possession, right upon which he may recover, is unquestionable law."   In Angell on Limitations (6th ed.), § 381, it is said : " It is also unquestionable that where land has been held under a claim to the fee, for the time prescribed by the statute, and an entry is made by the party who has the paper title, such party may be dispossessed, by an ejectment brought by him who has so held and claimed."   In 3 Wait's Actions and Defences, p. 19, § 5, it is said : " Possession of land under a claim or color of title, continued for the number of years prescribed by statute, confers a title which is good even against the previous owner, and will enable the possessor to maintain ejectment against any one who interferes with his possession."   We would remark that in a few only of the States is it held necessary that the possession should have been under color of title.   We cite some of the cases in which such a possessor has successfully brought ejectment against the true owner.   *Abel* v. *Hutto*, 8 Rich. (S. C.) 42 ; *Chiles* v. *Jones*, 4 Dana, 479 ; *Roberts* v. *Sanders*, 3 A. K. Marsh. 28 ; *Pederick* v. *Searle*, 5 S. & R. 236 ; *Jackson* v. *Dieffendorf*, 3 John. 269 ; *Jackson* v. *Oltz*, 8 Wend. 440 ; *Newcombe* v. *Leavitt*, 22 Ala. 631 ;. *Chiles* v. *Davis*, 58 Ill. 411 ; *Leffingwell* v. *Warren*, 2 Black, 599.

The evidence as to the adverse possession was conflicting, and we are not disposed to interfere with the verdict.   Neither party introduced at the trial a deed to the *locus in quo*, but on the motion for new trial, one was exhibited by the defendant.   Apart from the question of negligence in failing to produce it before judgment, it would not have availed him under the principles here laid down, accepting, as we do, the verdict as settling the facts against him.            *Judgment affirmed.*