## THE PEOPLE *v.* MUÑOZ.

### APPEAL from the District Court of Arecibo.

No. 82.—Decided December 12, 1905.

APPEAL—INFORMATION—ARRAIGNMENT.—In order that the accused may ask for the reversal of a judgment on the ground that he was not arraigned and that he was not required to plead to the information before submitting to trial, it is necessary that these facts appear of record, and if the transcript is not complete it will be presumed that the proceedings have been conducted in accordance with law.

ID.—DOCUMENTS WHICH CONSTITUTE THE RECORDS OF A CASE.—The transcript of the record on appeal should contain a copy of all the proceedings referred to in section 326 of the Code of Criminal Procedure, which documents constitute the record of a case.

ID.—CASES WHERE THE TRANSCRIPT OF THE RECORD IS INCOMPLETE—DUTIES OF APPELLANT.—Although the secretary of the district court is obliged to forward to the Supreme Court a transcript of all the records, however, it is the duty of the appellant to cause a perfect and complete transcript of the record to be presented, and if it is not done he may request the Supreme Court to direct the secretary of the inferior court to forward a certified copy of all or a part of the record, as the case may be, or, the appellant may present the same without the necessity of any order whatever.

ID.—JUDGMENT.—A judgment is not null and void merely because it fails to state the nature of the crime with which the accused was charged, it being sufficient if, considered in relation with the information, which is permissible, there is no doubt whatever that he was accused, prosecuted, and convicted of a crime charged in the information and of which the trial court had jurisdiction.

ID.—ERRORS WHICH DO NOT PREJUDICE THE SUBSTANTIAL RIGHTS OF THE ACCUSED.—The Supreme Court will give no consideration whatever in a decision on appeal to errors of law committed by the inferior court which do not tend to prejudice the substantial rights of the accused.

*Mr. Rossy, fiscal,* for The People.

The appellant did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a prosecution carried on in the District Court of Arecibo, for a violation of the election law. The defendants were judges of elections at Precinct No. 15 of the electoral district of Arecibo. An information was presented against them on the 3d of April, 1905, charging that they delayed the voting at said precinct, stating the means of such delay, and

that thereby more than 100 voters were prevented from voting at the election held on the 8th of November, 1904. On this information the defendants were tried before the court, without a jury, and convicted, and on the 6th of May, 1905, they were sentenced to one year of imprisonment in the penitentiary, at hard labor, and to the payment of all costs of the prosecution; and from this sentence they took an appeal to this court.

There is no bill of exceptions or statement of facts contained in the record, nor is there any other means of determining what was the evidence introduced on the trial.

Cayetano Coll y Cuchi, esq., appeared as their counsel and made an oral argument in this court, presenting two points on which he claims a reversal.

1. The first point made by counsel in his oral argument is that there was no arraignment of the defendants, nor were they required to plead to the information before going into the trial. The cases cited by him of *The People* v. *Gaines*, 52 Cal., 479; *The People* v. *Corbett*, 28 Cal., 328; and *Crain* v. *U. S.*, 162 U. S., 625, all tend to sustain this proposition in cases where it is shown that there was no arraignment; but this fact must affirmatively appear from the record in the case. It does not so appear in the record which the defendants have presented here. The certificate of the secretary of the district court states that in the case referred to, among other documents, are found the following: Copying the notice of appeal, the information and the judgment rendered against each of the defendants, of which copies were duly forwarded to this court. From this certificate we must presume that all of the documents used on the trial were contained in the record as presented here. In other words, the certificate does not show that this is a complete record. It does not contain all of the four parts which are mentioned in section 326 of the Code of Criminal Procedure, as constituting a record of the action. The copy of the minutes of the trial is omitted.

In this should appear arraignment of the defendants, if such arraignment took place.

It is the duty of the appellant, when he comes to this court complaining of a judgment rendered against him, to cause to be filed herein a perfect record, or at least so much of it as is necessary for the presentation of his case. This, under section 356, is required to be made out by the secretary of the district court, and transmitted to the secretary of this court. One copy thereof must be served upon the defendant's attorney that he may see that it is correct and complete. If the secretary fails in his duty, either the *fiscal* or the attorney for the appellants can move the court, under rule 62, for an order to issue commanding the secretary of the district court to certify the whole or any part of the record which may be required, to this court; or said counsel may produce the same duly certified without such an order. This was not done in the case at bar, and hence, the present record is not brought within the purview of the cases cited by appellant's counsel. Where the record does not purport to be complete but only presents a partial transcript of the proceedings in the trial court, it must be presumed by us that everything was done by the trial court which the law required. All presumptions are in favor of the correctness of the proceedings had in courts of justice. (*People* v. *Gilbert,* 60 Cal., 112; *People* v. *King,* 27 Cal., 514; *People* v. *Levison,* 16 Cal., 100.)

2. The second point made in oral argument by defendants' counsel is that the sentence is vague and indefinite, because it merely states that the defendants were convicted of an offense against the election law. It is not necessary that the judgment should set out all the particulars which go to constitute the offense. Under section 319 of the Code of Criminal Procedure of Porto Rico is is provided that, if no sufficient cause is alleged or appears to the court why judgment should not be pronounced, it must thereupon be rendered. This section corresponds with section 1202 of the Penal Code of California. In California it has been held, in construing this

section, that a judgment is not void because it does not state the offense of which the perso nwas convicted, if it shows that he was indicted for some offense, and tried and convicted, and that the sentence passed on him was one which the court had jurisdiction to pronounce for some offense of which he might have been convicted under the indictment. (*Gibson Ex Parte,* 31 Cal., 620.)

The judgment in this case, when taken in connection with the information which is also a part of the record, does not leave it doubtful of what crime the defendant was convicted. The information charges him with a felony and the facts of the case are clearly set forth. It is allowable to refer from the sentence to the information for the purpose of making plain what may be considered obscure. So we must hold this objection also to be ineffectual. In fact, in view of an act relating to the reversal of judgments in criminal cases by this court, passed by the Legislature of Porto Rico, and approved on the 30th of May, 1904, this objection could not be held to be effective on appeal.

That law provides that:

"Whenever it appears from the record in any criminal case upon appeal in the Supreme Court that any requirement of the law has been disregarded by the trial court, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of either of the parties and was duly excepted to in the trial court."

This error certainly cannot be held to have injured the rights of the defendants, for the reason heretofore stated. No fundamental error sufficiently appears from the record presented here.

Taking these matters into proper consideration we must hold that, in the absence of any fundamental error apparent from the record, the judgment of the District Court of Arecibo, rendered on the 6th of May, 1905, should be in all things

affirmed, and the costs of this appeal taxed against the appellants.

*Affirmed.*

Chief Justice Quiñones and Justices Hernandez, Figueras and Wolf concurred.