## HALL *v.* DORAN.

Where it is assigned for error, that the court erred in imposing terms in allowing an amendment of the pleadings, the party complaining must

Hall v. Doran.

show that the court below abused the discretion properly given to it in such cases.

The order made by the inferior court, sustaining exceptions to the several parts of a deposition, should be distinctly shown, either by a formal entry, or by bill of exceptions, if it is expected that the appellate court will review the same.

Where each party took exceptions to certain depositions, and the court ordered that certain parts, "as shown and marked on the same, be excluded;" and where by reference to the depositions, there was nothing to indicate what parts were excluded, or what portions were intended to be, by the order of the court, but on the margin of some of the depositions, were lines and crosses, as if made with a pen; but when this was done, by whom, or what was intended thereby, did not appear from the record; *Held*, That the appellate court could not adjudicate upon the correctness of the ruling of the court below in relation to the depositions.

In chancery, correct practice requires that specific and distinct issues of fact should be submitted to the jury, that the conscience of the chancellor may be advised by the special verdict responsive to the issues thus made.

Where a county judge makes a deed under the act entitled "An act regulating the disposal of lands purchased in trust for town sites," approved January 22, 1853, the deed should be made to the person who, as an occupant, is entitled to the same, at the time the deed is made.

Where a complainant in equity claimed title to two lots in the city of Council Bluffs, and alleged that he, and those under whom he claims, had the right to said property, as occupying claimants, prior, and up to the time the land was entered by the county judge, under the act of Congress, entitled "An act for the benefit of citizens and occupants of the town of Council Bluffs, in Iowa," and approved April 6, 1854, and the laws of the State of Iowa, and at the time the said county judge conveyed the same to the respondents; that the possession of the respondents, if any they had, was by force and fraud, with a full knowledge of the rights of complainant; and that he was entitled to a deed from the county judge—all of which was denied by the answer; and where it appeared from the record that a jury was "impannelled and sworn, to well and truly try the present issue joined, and a true verdict render according to law and evidence," which jury returned a verdict as follows: "We, the jury, find that the defendants are entitled to the possession and occupancy of the lots of land in question, on the 6th day of April, 1854," and thereupon the court rendered a judgment as follows: "It is therefore considered by the court, that the plaintiff take nothing by his bill, and that the defendants have and recover of and from the said plaintiff their reasonable costs, and that execution issue therefor;" *Held*, That the verdict of the jury was on an immaterial issue, and settled nothing; and that the court erred in dismissing the bill.

Hall v. Doran.

*Appeal from the Pottawatamie District Court.*

WEDNESDAY, OCTOBER 13.

IN CHANCERY. The bill claims title to two lots in the city of Council Bluffs. Complainant charges that he, and those under whom he claims, had the right to said property as occupying claimants, prior and up to the time the same was entered by the county judge, under an act of Congress and the laws of the State, and at the time the said county judge conveyed the same to respondents. The answer denies all the material allegations of the bill, to which there was a replication, and the cause heard upon depositions and exhibits.

The record shows that on the 21st of May, 1857, a jury was "impannelled and sworn to well and truly try the present issue joined, and a true verdict render, according to law and evidence." This jury returned the following verdict: " We the jury, find that the defendants are entitled to the possession and occupancy of the lots of land in question, on the 6th day of April, A. D. 1854." And then follows this judgment: " It is therefore considered by the court that the plaintiff take nothing by his bill, and that defendants have and recover of and from the said plaintiff their reasonable costs, and that execution issue therefor." Complainant appeals.

*W. H. & J. A. Seevers*, and *E. C. Stone*, for the appellant, cited 2 Daniels' Ch. Pr., 1340; Ib., 1335; *Apthorp* v. *Comstock*, 2 Paige, 488; *O'Connor* v. *Cook*, 8 Vesey, 535; *Field* v. *Holland*, 2 Cond., 285; *McDaniel* v. *Marygold*, 2 Iowa, 500; 5 U. S. Stat. at Large, 657; Statutes of Iowa, 1853, 145; *Pierson* v. *David*, 1 Iowa, 23.

No appearance for the appellees.

WRIGHT, C. J.—Before coming to the consideration of

what we regard as the material question in the case, one or two minor matters will be briefly noticed.

It appears that the case was once before submitted to a jury, and when the testimony was all closed, the defendants asked and obtained leave to amend their answer. This leave was given upon condition that they pay all costs to that time, and the cause continued, to which complainant objected. We are not satisfied that there was error in granting this leave. In the first place, there is nothing to show that the court below abused the discretion properly given to it in such cases. None of the circumstances are disclosed, and the case stands upon the simple fact, that the defendants, upon motion, had leave to amend their answer.

It appears that each party took exceptions to portions of certain depositions. The court ordered that certain parts, "as shown and marked on the same, be excluded." By reference to the depositions, we find nothing to indicate what parts were excluded, or what portions were intended to be, by the order thus made. On the margin of some of them, we find lines and crosses, as if made with a pen; but when this was done, by whom, or what was intended thereby, the record does not advise us. Under such circumstances, it would be quite unsafe to undertake to adjudicate or pass upon the correctness of the ruling made by the court below. The order made as to the several parts objected to, should be distinctly shown, either by the formal entry, or bill of exceptions, if it is expected that this court will review the same.

On the 6th of April, 1854, the Congress of the United States passed " An act for the benefit of citizens and occupants of the town of Council Bluffs, in Iowa," (Laws of 1853-4, 273), in which it is provided, that the county judge of Pottawatamie county is authorized to enter the lands upon which said town is situated, in trust for the several use and benefit of the occupants thereof, according to their respective interests; the execution of which trust, as to the disposal of said land, and the proceeds of the

Hall v. Doran.

sale thereof, to be conducted under such rules and regulations as are prescribed by the legislative assembly of the State of Iowa, in an act entitled "an act regulating the disposal of lands purchased in trust for town sites, approved January 25, 1852, or as may hereafter be prescribed by the legislative assembly of said State." This act of Congress doubtless intended to refer to chapter 88 of the laws of 1853, and this is admitted in the argument. By this act, it is provided that whenever any portion of the surveyed public lands of the United States, within any organized county, has been, or should be, settled upon and occupied as a town site, it may be lawful, and shall be the duty, (if required by the occupants of such land), of the corporate authorities of said town, if incorporated, and if not, of the county judge of the county in which said town is situated, if furnished by said occupants with money sufficient, to enter at the proper land office, the land so settled and occupied, in trust for the several use and benefit of the occupants thereof, according to their respective interests. It is then provided, that the corporate authorities, or county judge, after purchasing the land, shall make out, execute and deliver, to each person, who, as an occupant, may be entitled to the same, a deed in fee simple for such part or parcel as he or they may be entitled to, on the payment by the said occupant, of his proper and due proportion of the purchase money, and the expenses therein specified.

By virtue of these laws, the county judge of Pottawattamie county, entered the lands upon which the town of Council Bluffs is situated, and on the 2d of June, 1854, conveyed the lots in controversy to the respondents. Complainant, by his bill, avers that he was the occupant of these premises, or that he was entitled to the same, and that the possession of the respondents, if any they had, was by force and fraud, with a full knowledge of complaint's right; and that he was entitled to the deed from the county judge. This is denied by the answer, and to this question, all of the testimony was directed. It will be observed, however, that the jury found that respond-

ents were entitled to the possession and occupancy of the premises, on the 6th of April, 1854, and upon this finding the district court dismissed the complainant's bill. In this, there was error.

It does not appear that any specific questions were submitted to the jury for their determination. The whole cause seems to have been given them, in utter disregard of the rules and principles governing proceedings in a court of equity. It no where appears, that the judge desired to take the opinion of the jury upon any question—or that he could not himself, sufficiently and satisfactorily, ascertain the truth in the premises. And the only circumstance that saves the submission itself from invalidating the finding, and the whole of the subsequent proceedings is, that it was made without objection, both parties being present. Correct practice requires that specific and distinct issues of fact should be submitted, that the conscience of the chancellor may be advised by the special verdict, responsive to the issues thus made.

But the finding of the jury in this case, settled nothing; and acting upon that alone, as the court below did, it was error to dismiss the bill. It settled nothing, for the reason that it is quite immaterial who was entitled to the possession and occupancy of these lots, at the time the act of Congress passed, to-wit: April 6th, 1854. And yet, this is all the jury found. The language of the law is, that the county judge shall make the deed to the person who, as an occupant, is entitled to the same—not to the person who was entitled to it on the day the act of Congress was passed, but at the time he is required to make the deed— at the time he proceeds to execute the trust. After this act passed, the possession of this property may have been changed; and though on the 6th of April, 1854, respondents were the occupants, they may have parted with it, by sale or otherwise to complainant, or any other person; and yet, under the verdict or judgment in this case, they could defeat their own sale. This was not the intention of the law. The question is, who, under the law and the facts,

was entitled to the deed at the time the county judge proceeded to the discharge of his duty—should it then have been made to complainant, or respondents? If to complainant, then respondents are to be treated as his trustees, holding the property subject to his paramount equity, and they will be decreed to convey. If to respondents, then the bill should be dismissed.

As it is evident, therefore, that the cause was heard and determined upon an immaterial issue—an issue, the finding upon which determined nothing—the cause will be remanded for the further action of the court below.

Decree reversed.