MARY G. HUSSEY, *Appellant*, *v.* JOB SMITH, *Respondent*.

MATTERS NOT OF RECORD, NOT CONSIDERED.—Extraneous matter filed with the Record, but not made a part thereof, will not be considered on Appeal.

AN "OCCUPANT," WHO IS?—An "Occupant," within the meaning "Town Site" Law of Congress (14 Stat. at Large, 541) is one who is a settler or resident of the town, and in the *bona fide,* actual possession of the Lot at the time the entry is made. One who has never been in the actual possession of a Lot, cannot be said to be an "Occupant" thereof.

APPEAL from the District Court of the Third Judicial District.

The facts appear in the Opinion of the Court.

*Snow & Hoge* for Appellant.

*Rosborough & Merritt* for Respondent.

BOREMAN, J., delivered the Opinion of the Court.

These are special proceedings, under the Act of Congress of March 2d, 1868, commonly called the "Townsite" Law (14 Stat. at Large, 541), and the Act of the Territorial Legislature passed in pursuance thereof; and to carry out the trust arising thereunder, approved February 17, 1863, (Laws of Utah, 1869, p. 4.) Mary G. Hussey and Job Smith are separate and distinct claimants for the same parcel of ground in the City of Salt

Lake.  They separately made their application to the Probate Judge, each asking for the Government title, and each contesting the right of the other thereto.  Being adverse claimants, their cases necessarily are considered together.  Upon the hearing of the cases, the Probate Court adjudged that the certificate of title issue to Job Smith; from which judgment of the Probate Court Mary G. Hussey appealed to the District Court of the Third Judicial District of the Territory.  The District Court affirmed the judgment of the Probate Court, and from this judgment of the District Court, Mary G. Hussey appealed to this court.

The case was heard by the Court, sitting without a jury, which made a finding of the facts, and thereupon gave its conclusions of law, and judgment accordingly. From the beginning to the ending of this record, there does not appear to have been any exception taken to any ruling of the Court below, nor to the finding of facts, nor to the conclusions of law.  No effort seems to have been made for a review of the case in the Court below. There was no motion to correct the findings, nor any motion for a new trial.  We therefore must accept the findings of the Court below as the true and correct statement of the case.

There is a vast amount of extraneous matter filed with the record, but no steps having been taken to make the same any part of the Record, we cannot consider it. We have then only to consider whether the findings will support the judgment rendered thereon.  In considering this question, let us first ascertain what the Act of Congress upon which the above case is founded says.  It reads as follows:  "Whenever any portion of the public lands of the United States have been or shall be settled upon and occupied as a town site, and therefore not subject to entry under the agricultural pre-emption laws, it shall be lawful in case such town shall be incorporated, for the corporate authorities thereof, and if not incorporated, for the Judge of the County Court for the County in which such town may be situated, to enter at the

proper Land Office, and at the minimum price, the land so settled and occupied in trust for the several use and benefit of the occupants thereof, according to their respective interests, the execution of which trust, as to the disposal of the lots in such town and the proceeds of the sales thereof, to be conducted under such rules and regulations as may be prescribed by the legislative authority of the State or Territory in which the same may be situated, &c., &c. (Act of March 2d, 1867, 14 Stat. at Large, 541). In accordance with the Act of Congress, the legislative authority of this Territory has made the necessary "rules and regulations," and upon no part of these is any question raised in this case.

In pursuance of the Act of Congress and the Territorial Act thereunder, as the findings of the Court below show, on November, 1871, Daniel Wells, as Mayor of the City of Salt Lake, entered the land in controversy, among other lands entered by him as a "town site."

The findings further show that, on the 11th day of December, 1871, both said Job Smith and said Mary G. Hussey filed their statements with the Probate Judge of the county, claiming the premises in dispute; and that Job Smith had gone into possession thereof in 1856, and has remained in actual possession thereof ever since, and is still so. They do not show that the Appellant (Mary G. Hussey) ever was in possession of said land or any part thereof, or that she ever was one of the occupants of the "town site," or that she was then or ever had been, or is now even a resident of the city of Salt Lake, or of the Territory.

The only instance in which her residence is referred to, is at the time she received a deed for this property from Wm. Jennings, on the 9th day of March, 1872, when she is declared to be a non-resident of this Territory, and a resident of the State of Ohio.

What then does "occupant" under the law mean? and which of the two parties was the "occupant" within the meaning of the law, and the rightful claimant to the deed of title?

Shall we say that the party not in possession at any time is the "occupant?" or shall we say that he who had the actual possession is to be considered rightfully the "occupant?"

Upon these questions we are not without authority. The "Townsite law," of 1844, is very similar to that of 1867 (now under consideration) so far as the question of occupancy goes. And the Supreme Court of Michigan, in the matter of Henry Selby and —— Spalding, appellants (6 Mich. 193), says that "the law of 1844 was, we think, very clearly designed to protect *bona fide* town settlers, and did not recognize any paramount individual claims over them."

The Secretary of the Interior (Jacob Thompson) in a letter to the Commissioner of the General Land Office, dated June 26, 1858, says that in the act of 1844, by the term "occupants" is meant those who are settlers or residents, and that it only embraces citizens thereof—that is, of the town.

The Supreme Court of Iowa, in Hall *vs.* Doran (6 Iowa 433), assert a like doctrine where the act is special, but with language similar to the general law, although they add that the party to be entitled to the land must have been the occupant at the time the County Judge is required to make the deed and to execute the trust.

This question has also been under consideration in the Supreme Court of the United States, and passed upon by that tribunal in a case taken from Colorado. That case (Cofield *vs.* McClelland and Davis, decided December term, 1872, but not yet reported), arose under the law of 1844 and a special law for the relief of the citizens of Denver, (13 Stat. at Large 94), but the language of that special act, as well as the law of 1844, is similar to that of the law now under consideration.

The Supreme Court of the United States declare therein that "occupation and possession" give the "right," but assert that the occupancy and possession must exist at the time of the entry of the lands by the Probate Judge.

The Iowa case referred to says that the occupancy must exist at the time the County Judge is required to make the deed. The Colorado case (by the U. S. Supreme Conrt) says that this occupancy must be at the time of the entry of the land by the Probate Judge.

Yet all the cases referred to herein declare that the title must go to the actual occupant. The appellant, Mary G. Hussey, never was an occupant, either at the date of entry of the land, or at the time at which the deed was required to be made, or at any other time. She therefore has no right whatever to a deed for said premises.

The other party, Job Smith, having been in continued actual possession of said premises from 1856, he was, and is, an occupant within the full meaning of the law.

These points being decisive of this case, it is unnecessary to consider the other questions raised.

The matter of the right of appeal from the Probate Court is not in issue.

The Judgment of the District Court is affirmed.

McKean, Ch. J., and Emerson, J., concurred.