## ADAMS *v.* BINKLEY.

An actual occupant and owner of the improvements at the date of the entry of the town site, upon a lot in the town of Rosita, under the statute (R. S., p. 623) is entitled thereto as against one who claims under conveyance from a third party, but who had never been in possession and who had never been the owner of the improvements.

*Appeal from District Court of Custer County.*

THE case is stated in the opinion.

GEORGE S. ADAMS, *pro se.*

Mr. JAMES BUELL and Mr. J. W. HORNER, for appellee.

ELBERT, J. This was a bill of interpleader, filed by the trustees of the town of Rosita under the provisions of section 9, article 12 of the act relating to "towns and cities" (R. S., p. 623), against Adams and Binkley, who were adverse claimants of 25x100 feet of lot 20 in said town. Each claimant appeared and answered, and upon the hearing a decree was rendered in favor of Binkley.

This decree clearly was not warranted and must be re-

versed. The town site of Rosita was entered March 22, 1876. The evidence shows that on the 16th of October, 1875, the premises in controversy were unimproved and unoccupied. That at or about that date Adams entered upon and took actual possession of the same, erected a house thereon and occupied the same continuously from November 20, 1875, until May 1, 1877. That April 29, 1876, he filed with the trustees his written statement, claiming the premises, in accordance with the provisions of section 4, article 12 of the act respecting towns and cities (R. S., p. 620). Binkley's claim of title is based on a deed from one Bradbury, dated May 10, 1875, Bradbury claiming by purchase from one Jane Kirkham, who occupied another portion of lot 20. Bradbury does not appear to have ever occupied or improved the premises ; nor does Binkley, after his purchase from Bradbury. At the date of the entry he was not in the actual possession of the premises, nor had he ever been ; he was not the owner of improvements thereon, nor had he ever been.

The entry was "in trust for the several use and benefit of the rightful occupants of said land and the *bona fide* owners of the improvements thereon," and, clearly, Binkley cannot be regarded as a beneficiary. It is equally clear that Adams, by his occupancy and improvements, at the date of the entry, was entitled to a deed from the trustees. *Cook* v. *Rice*, 2 Col. 131 ; *Clayton* v. *Spencer*, id. 378.

The evidence does not show, as claimed, that the relation of client and attorney existed between Adams and Binkley ; nor do the declarations of Adams, testified to by Bradbury and Blake, afford sufficient ground for saying that he is estopped from asserting his title.

The decree of the court below is reversed and the cause remanded, with instructions to enter up a decree in accordance with the views herein expressed.

*Reversed.*