[Civil No. 259.    Filed June 10, 1889.]

[21 Pac. 818.]

## THE SINGER MANUFACTURING COMPANY, Plaintiff and Appellant, v. CHARLES W. TILLMAN et al., Defendants and Appellees.

1. PUBLIC LANDS—TOWN-SITES—ACT OF CONGRESS, MARCH 2, 1867, CITED—ENTRY IN TRUST—DEEDS TO ACTUAL OCCUPANTS—PRESUMP-TION—OCCUPANT DEFINED.—Under the act of Congress, *supra,*

the probate judge of any county in Arizona has the power to enter land occupied as a town-site, and hold it in trust to be deeded to the actual occupants. In the absence of anything to the contrary, it will be presumed that when he has made a deed it was to the proper person, and one not interested in the land cannot question his acts. An "occupant," within the meaning of the act, is one who is a settler or resident of the town, and in the actual *bona fide* possession of the lot at the time the entry was made.

2. TITLE—PURCHASE OF OUTSTANDING TITLE—ÉSTOPPEL.—Purchase, by one in possession and claiming ownership, of another's claim of title, does not admit title in the grantor, and such purchaser is not estopped thereby to deny the validity of the claim thus purchased. Compare *Anderson* v. *Thompson et al., ante,* p. 62, 20 Pac. 803.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Pinal. William W. Porter, Judge. Affirmed.

The facts are stated in the opinion.

H. B. Summers, and Baker & Campbell, for Appellant.

Weeden, with full notice of the foreclosure suit, *lis pendens* having been filed and summons having been published in his own newspaper in said suit, took a deed from the mortgagor, Meade, in April, 1883, and as his assignee secured a deed from the probate judge and entered upon the premises.

Weeden was bound by the decree of foreclosure, although not a party thereto. *Breon* v. *Strelitz,* 48 Cal. 645; *Wood* v. *Goodfellow,* 43 Cal. 185; *Horn* v. *Jones,* 28 Cal. 195; *Whitney* v. *Higgins,* 10 Cal. 547, 70 Am. Dec. 748; *Sharp* v. *Lumley,* 34 Cal. 615; *Daniels* v. *Henderson,* 49 Cal. 243.

Defendant seeks to defeat the lien of the mortgage by assuming that he acquired subsequently a paramount title. He did this, and could only do it as the grantee of the mortgagor, Meade, because the evidence shows that these premises were set aside by the town-site commissioners to Meade, and before Weeden could get a deed from the probate judge he had to procure a deed from Meade, and the deed shows upon its face that he is the assignee of Meade.

This subsequent title that Weeden, the grantee of the mortgagor, acquired inured to the benefit of the mortgagee. **Comp.**

Laws Ariz., ch. 42, secs. 33, 36; *Clark* v. *Baker,* 14 Cal. 612, 76 Am. Dec. 449; *Kirkaldie* v. *Larrabee,* 31 Cal. 456, 89 Am. Dec. 205; *Christy* v. *Dana,* 42 Cal. 175; *Sherman* v. *McCarthy,* 57 Cal. 507.

It may be claimed that when Meade held this land it was public land, and that after the execution of the mortgage herein, he abandoned it and then Weeden or any one else had a right to enter, take possession and thereby defeat the lien of the mortgage. Even if it was abandoned by Meade this abandonment could not defeat the mortgage. Courts of justice will not permit such an act to be done. *Alexander* v. *Sherman,* 2 Ariz. 326, 16 Pac. 45; *Kelly* v. *Berry,* 62 Cal. 488; *Stephens* v. *Mansfield,* 11 Cal. 363; *Richardson* v. *McNulty,* 24 Cal. 339.

The defendant claims that this action is barred by the statute of limitations. This is answered by the fact that the statute of limitations does not begin to run against a purchaser at a sheriff's sale until the sheriff's deed is delivered to him. *Jefferson* v. *Wendt,* 51 Cal. 573.

As to the defendant Tillman, his own evidence shows that he entered the premises as the tenant of Meade, on March 1, 1882. Comp. Laws Ariz., ch. 35, sec. 11, in force at the time of Tillman's entry and when this action was commenced, provides: "When the relation of landlord and tenant shall have existed between any persons, the possession of the tenant shall be deemed the possession of the landlord until the expiration of five years from the termination of the tenancy, or, where there has been no written lease, until the expiration of five years from the last payment of rent, notwithstanding that such tenant may have acquired another title or may have claimed adversely to his landlord." In all cases where a party is in possession of lands in privity with the rightful owner, nothing short of an open and explicit disavowal and disclaimer of a holding under that title and assertion of title in himself, brought home to the owner, will satisfy the law. Short of this the party will still be regarded as holding in subserviency to the rightful title. Tyler on Ejectment, p. 876. Tillman stands in the same position as Weeden, holding as the grantee of Meade, *pendente lite,* with full knowledge of the foreclosure suit, and being bound by the judgment.

G. H. Oury, and Sloan & Stone, for Appellees.

Under the act of Congress of March 2, 1867, for the relief of citizens of towns upon the lands of the United States, the probate judge of any county in Arizona had the power to enter land occupied as a townsite, whenever the judge of a county court could under said act. After such power had been exercised by the probate judge, and the lands entered and patented, the power could not be questioned. The probate judge, after entering such lands, holds it in trust for the benefit of those actually occupying the townsite, and it is his duty to make deeds therefor, to the actual occupants respectively, and to none others, and when he has made a deed for a portion thereof to any person, it will be presumed, in the absence of anything to the contrary, that he has made the deed to the proper person, and a person who has no interest in the land will not be allowed to question his acts. *Sherry* v. *Lampron,* 11 Kan. 611.

An "occupant," within the meaning of the townsite law of Congress, is one who is a settler or resident of the town in the *bona fide* actual possession of the lot at the time the entry is made. One who has never been in the actual possession of a lot cannot be said to be an "occupant" thereof. *Hussey* v. *Smith,* 1 Utah, 129; *Pratte* v. *Young,* 1 Utah, 347.

The occupancy must be actual, and cannot be begun by agency, no one being allowed to take up lots by agent. The occupancy may be for residence, for business, or for use, but the residence, business, or use must be by the claimant. A party having a *bona fide* occupancy may afterward lease the ground and still retain his right thereto, and he may sell his claim, except that no contract either for the sale or lease which conflicts with the requirements that the title shall be made to an inhabitant who is an occupant and has an interest will be recognized in deciding to whom the government title shall go; and a party purchasing an interest in such property can have government title to the extent of such interest, provided he becomes an occupant. *Cain* v. *Young,* 1 Utah 361.

It is claimed by the plaintiff that, by reason of the fact that defendant Weeden obtained a quitclaim deed from Meade prior to his application to the probate judge for a deed, there-

fore he claims under Meade's title, and takes subject to the mortgage executed by Meade in favor of the plaintiff. This view of the case is not tenable. It is a well-settled principle that one in possession of and claiming to own title to land does not admit title in another because he buys the other's claim of title solely to quiet his own title and to avoid litigation. Such purchaser is not estopped by such purchase from denying the validity of the claim thus purchased. *Cannon* v. *Stockman*, 36 Cal. 533; *Leffingwell* v. *Warner*, 2 Blackf. 605; *Jackson* v. *Olitz*, 8 Wend. 440; *Jackson* v. *Duffendorf*, 3 John. 269; *Bradstreet* v. *Huntington*, 5 Pet. 438; *Alexander* v. *Pendleton*, 8 Cranch, 462.

CITATIONS.

*Abandonment—Davis* v. *Butler*, 6 Cal. 511; *Gluckauf* v. *Reed*, 22 Cal. 468; *Richardson* v. *McNulty*, 24 Cal. 339; *Dyson* v. *Bradshaw*, 23 Cal. 528.

*Estopped by tenancy—Tewksbury* v. *Magraff*, 33 Cal. 237; *Jackson* v. *Rowland*, 6 Wend. 666, 22 Am. Dec. 557; *Lawrence* v. *Webster*, 44 Cal. 385.

*Adverse possession—Le Roy* v. *Rogers*, 30 Cal. 230, 89 Am. Dec. 88; *Arrington* v. *Liscom*, 34 Cal. 365, 94 Am. Dec. 722; *Cannon* v. *Stockman*, 36 Cal. 535, 95 Am. Dec. 205; *San Francisco* v. *Fulde*, 37 Cal. 349, 99 Am. Dec. 278; *Langford* v. *Poppe*, 56 Cal. 72; *Simson* v. *Eckstein*, 22 Cal. 580.

*Estoppel by deed—Schulman* v. *Garrett*, 16 Cal. 100; *San Francisco* v. *Lawton*, 18 Cal. 465, 79 Am. Dec. 187.

BARNES, J.—This was a bill to quiet title by the plaintiff against defendants in possession. Plaintiff claims through a deed from the sheriff under a judicial sale for the foreclosure of a mortgage. The sheriff's deed is of date July 3, 1884. The lot sued for had been part of the public domain until April, 1883, when the probate judge made a deed to defendant Tillman, who, at the time, was an occupant of the premises, and had been from February, 1882, and has been ever since and is now an occupant with his co-tenant, Weeden. Under the act of Congress of March 2, 1867, for the relief of citizens of towns upon the lands of the United States, the probate judge of any county in Arizona had the power to enter land occupied as a town-site, and after such power had been exercised

by the probate judge, and the lands entered and patented, the power cannot be questioned. The probate judge, after entering such land, holds it in trust for the benefit of those actually occupying the town-site, and it is his duty to make deeds therefor to the actual occupants, respectively, and to none others, and when he has made a deed for any portion thereof to a person it will be presumed, in the absence of anything to the contrary, that he has made the deed to the proper person, and a person who has no interest in the land will not be allowed to question his acts. *Sherry* v. *Sampson,* 11 Kan. 611. An "occupant," within the meaning of the town-site law of Congress, is one who is a settler or resident of the town, and in the *bona fide,* actual possession of the lot at the time the entry is made. One who has never been in the actual possession of a lot cannot be said to be an "occupant" thereof. *Hussey* v. *Smith,* 1 Utah, 129; *Pratt* v. *Young,* 1 Utah, 347. The occupancy referred to must be actual, and cannot be begun by agency, no one being allowed to take up lots by his agent. The occupancy may be for residence, for business, or for use, but the residence, business, or use must be by the claimant. A party having a *bona fide* occupancy can afterwards lease the ground and still retain his right thereto, and he may sell his claim, except that no contract, either for the sale or lease, which conflicts with the requirements that the title shall be made to an inhabitant who is an occupant and has an interest, will be recognized in deciding to whom the government title shall go; and a party purchasing an interest in such property can have government title to the extent of such interest, provided he becomes an occupant, (*Cain* v. *Young,* 1 Utah, 361,) thus showing no one is entitled to or can receive government title to a town lot unless he is in the actual, *bona fide* possession and occupancy of the lot. Neither this plaintiff nor his grantors and predecessors were, at the time of the entry by the probate judge, in the occupancy of the premises, or ever have been since the time of the execution of the mortgage. The mortgagor, at the time of the execution of the mortgage, was not an occupant of the premises, and he had no title, as the title was in the government until the issuance of the patent to the probate judge, under the town-site act. True, the evidence shows that Tillman entered upon the

premises as tenant of the mortgagor. He paid no rent, however, and when he asked his landlord to make repairs, he refused, saying he had nothing further to do with the premises. Tillman then claimed the premises adverse to all the world, and continued to occupy the same under such adverse claim until the probate judge conveyed to him. The mortgagor executed a quitclaim deed to him about that time, but he did not enter under it, or claim title through it. *Adams* v. *Binkley,* 4 Colo. 247; *Lechler* v. *Chapin,* 12 Nev. 65; *Leech* v. *Rauch,* 3 Minn. 451, (Gil. 332); *Carson* v. *Smith,* 12 Minn. 560, (Gil. 458); *In re Selby,* 6 Mich. 213; *Town Co.* v. *Maris,* 11 Kan. 148; *Sherry* v. *Sampson,* 11 Kan. 611; *Cook* v. *Rice,* 2 Colo. 135; *In re Selby,* 6 Mich. 193; *Cofield* v. *McClelland,* 16 Wall. 331. He who is in possession of and claiming to own land does not admit title in another because he buys the other's claim of title, solely to quiet his own title and to avoid litigation. Such purchaser is not estopped by such purchase from denying the validity of the claim thus purchased. *Cannon* v. *Stockman,* 36 Cal. 535, 95 Am. Dec. 205; *Leffingwell* v. *Warner,* 2 Black, 605; *Jackson* v. *Oltz,* 8 Wend. 440; *Jackson* v. *Dieffendorf,* 3 Johns. 269; *Jackson* v. *Rightmyre,* 16 Johns. 327; *Bradstreet* v. *Huntington,* 5 Pet. 438; *Alexander* v. *Pendleton,* 8 Cranch, 462. The evidence shows that Mund was the only one of the persons through whom plaintiffs deraign title, who ever obtained any right by occupancy of these premises, and his right was extinguished long before the mortgage, by his failure to remain in possession or occupancy. The title of defendant in the premises should be confirmed. The judgment is affirmed.

Wright, C. J., and Porter, J., concur.