JULIA B. COBB

*v.*

JOHN OLDFIELD *et al.*

*Filed at Ottawa, June 19, 1894.—Rehearing denied, October Term, 1894.*

1. DOWER—*burden of proof.* To entitle a widow to recover dower in land, the burden of proof is upon her to show that her deceased husband, during the coverture, was seized of a legal or equitable estate of inheritance in the premises.

2. ESTOPPEL—*denying recitals in a deed.* A party claiming under a deed will not be permitted to deny any of the recitals therein, however contrary to the truth. But where a party in possession, claiming the title, buys in an outstanding claim of title, he and his grantees may show that the grantors in the deed had no title, and that the grantee and his assigns hold under a different title, which is paramount.

APPEAL from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.

Messrs. SNAPP and ARNOLD, for the appellant.

Messrs. IRA W. and C. C. BUELL, for the appellees.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

Appellant filed her bill for the assignment of dower, in certain lots in Wilson's Addition to the City of Chicago, as widow of Zenas Cobb, deceased. The court, on hearing, dismissed the bill. To entitle appellant to recover, the

burden was upon her to show that her husband, during coverture, was seized of a legal or an equitable estate of inheritance in the land.    This she has failed to do, and hence the court correctly decreed dismissing her bill, unless appellees are estopped by deed from controverting her title.

We recognize the rule of law, so frequently applied in this court, that a party claiming under a deed can not be permitted to deny any of the material recitals therein, however contrary to the truth.    *Byrne* v. *Morehouse et al.*, 22 Ill. 605; *Kruse* v. *Wilson*, 79 id. 239; *Rigg* v. *Cook*, 4 Gilm. 336; *Orthwein* v. *Thomas*, 127 Ill. 561.    But that principle can have no application in this case.    The fact that one of the grantors in appellees' chain of title, who had for many years claimed title adversely to Cobb, accepted a quit-claim deed from Cobb to the land, under which it is not shown he entered or claimed title, will not conclude appellees, his remote grantees, from showing the facts.    Indeed, on April 11, 1865, when Cobb quit-claimed the land to Wright, appellees' remote grantor, Wright, had sold and conveyed the land in controversy by warranty deeds; one-third to DeWolf, one-third to Stebbins, and, by quit-claim deed, one-third to Lowry.    The deed to DeWolf was acknowledged and recorded January 13, 1854, that to Stebbins, March 12–23, 1853, and to Lowry, December 3–11, 1856. DeWolf, under whom appellees claim title, subsequently to the conveyances by Wright, acquired the title of Stebbins and Lowry.    It therefore appears, if it be assumed that Wright accepted the quit-claim deed from Cobb, April 11, 1865, he then claimed no title to the land in controversy, and appellees claim nothing from, through or under him, since the making and acceptance of said deed.    The estoppel can not apply or bind those claiming adversely, or to persons claiming from the same party by title acquired anterior to the date of the deed which, it is claimed, creates the estoppel.    *Carver* v. *Astor et al.*, 4 Pet. 83.    It is only when the party is claiming title under the deed that he will

be estopped by its recitals. And we have accordingly held,. that where one claiming land buys in an outstanding claim of title, he may show that the grantors in the deed did not have the title, and that he holds under a different title which is paramount. *Owens* v. *Robbins et al.*, 19 Ill. 555. And the cases are there distinguished from those arising between landlord and tenant, vendor and vendee, which would not, it is said, fall within the rule there announced. Rawle, Cov. for Tit. (3d ed.), 463, 464

We need not repeat the reasoning of the case cited; it is. applicable here, and conclusive of the question of estoppel under the facts here shown. We are of opinion the court below decided correctly, and its decree will be affirmed..

*Decree affirmed.*

151 542
156 607

151 542
162 47

151 542
59a 466

151 542
70a 68

151 542
72a 85
72a 301

151 542
73a 188

151 542
176 555

151 542
83a 568

151 542
87a 514

151 542
90a[1]399

151 542
106a [1]138
109a [1]207