HART ET AL., RESPONDENTS, *v.* ANACONDA COPPER MINING CO., APPELLANT.

(No. 5,347.)

(Submitted November 21, 1923. Decided January 11, 1924.)

[222 Pac. 419.]

*Real Property—Estoppel by Deed—Logs and Logging—Sale of Timber Without Limitation—Estate Acquired.*

Real Property—Estoppel by Deed—Definition.
  1. An estoppel by deed is a preclusion against the competent parties to a valid contract and their privies to deny its force and effect by any evidence of inferior solemnity.

Same—Estoppel by Deed—When Inapplicable.
  2. It is only when a party claims title under a deed that he is estopped by its recitals, and where for greater security or to buy his peace he purchases an outstanding or adverse claim of title he may show that the grantor in the latter deed did not have the title, and that he holds under a different title which is paramount.

Same—Logs and Logging—When Timber Grantee not Estopped by Recital of Deed.
  3. A land owner conveyed the saw timber on the property to defendant and a right of way to remove it "at any time after date

---

3. Rights of parties to a timber contract upon failure of purchaser to remove the timber within the time fixed or within a reasonable time, see notes in 12 **Ann. Cas.** 918; 15 **A. L. R.** 41.

of this instrument," and then conveyed the land to another subject to the timber grant. The latter thereupon sued the timber grantee for failure to remove the timber, who for the purpose of buying his peace paid the plaintiff $1,000 in return receiving a new deed for the timber, in which it was provided that it should be removed within ten years. It not having been removed within that time, the land grantee brought action to quiet title to the timber. *Held*, under the above rule (par. 2) that the timber grantee was not estopped, by accepting the second deed to the timber, from claiming his superior title under the first deed.

Logs and Logging—Sale of Timber Without Limitation—Estate Acquired.

4. Where a land owner conveyed growing timber with a right of way over the land for the purpose of removing it, without limitation or condition, a fee-simple estate in the timber passed to the grantee which was not defeated by the latter's failure to remove the timber.

*Appeal from District Court, Revalli County; James M. Self, Judge.*

SUIT by E. C. Hart and others against the Anaconda Copper Mining Company. Judgment for plaintiffs and defendant appeals. Reversed and remanded, with directions to dismiss the complaint.

*Messrs. Murphy & Whitlock,* for Appellant, submitted a brief; *Mr. A. N. Whitlock* argued the cause orally.

Citing on the question of estoppel by deed: *Tulley* v. *Tulley,* 137 Cal. 60, 69 Pac. 700; *Oregon Short Line R. Co.* v. *Quigley,* 10 Idaho, 770, 80 Pac. 401; *Watkins* v. *Houck,* 44 Kan. 502, 24 Pac. 361; *Robinson* v. *Thornton,* 102 Cal. 675, 34 Pac. 120; *Hess* v. *Masters,* 192 Iowa, 1063, 186 N. W. 6; *Vaughn* v. *Harper,* 151 Ga. 187, 106 S. E. 100; *Thompson* v. *Thompson,* 19 Me. 235, 36 Am. Dec. 751; *Moore* v. *Smead,* 89 Wis. 558, 62 N. W. 426; *Sprunger* v. *Ensley,* 211 Mich. 103, 178 N. W. 714; 21 C. J. 1069.

*Messrs. O'Hara & Madeen,* for Respondent, submitted a brief; *Mr. R. A. O'Hara* argued the cause orally.

The parties having fixed their respective rights by compromise, the terms of the compromise deed should be enforced.

4. Conveyance of title to standing timber without title to land, see note in 55 L. R. A. 513.

"A contract made to compromise contesting claims and terminate litigation over title to lands, by merging or extinguishing an outstanding title, is valid and binding on both parties, even if the title ultimately proves to have been unfounded." (*Atchison, T. & S. F. R. Co.* v. *Starkweather,* 21 Kan. 322; *Bennett* v. *Paine,* 5 Watts (Pa.), 259; *Killey* v. *Wilson,* 33 Cal. 690; *Weed* v. *Terry,* 2 Doug. (Mich.), 344, 45 Am. Dec. 257; *Fisher* v. *May,* 2 Bibb (Ky.), 448, 5 Am. Dec. 626; *Tarpey* v. *Madsen,* 26 Utah, 294, 73 Pac. 411; *Baldwin* v. *Central Sav. Bank,* 17 Colo. App. 7, 67 Pac. 179; *Crossman* v. *Davis,* 79 Cal. 603, 21 Pac. 963; *Re Garcelon Estate,* 104 Cal. 570, 43 Am. St. Rep. 134, 32 L. R. A. 595, 38 Pac. 414; *Midkiff* v. *Colton,* 252 Fed. 420; *Hall* v. *Wheeler,* 37 Minn. 533, 5 Am. St. Rep. 872, 35 N. W. 377; *Dailey* v. *King,* 79 Mich. 568, 44 N. W. 959; *Arthur* v. *Israel,* 15 Colo. 147, 22 Am. St. Rep. 381, 10 L. R. A. 693, 25 Pac. 81; *Tessendorf* v. *Lasater,* 10 Kan. App. 19, 61 Pac. 677.)

MR. JUSTICE GALEN delivered the opinion of the court.

This action was brought by the plaintiffs as heirs at law and successors in interest of Robert Y. Hart, deceased, to quiet title to certain described lands in Ravelli county, comprising 160 acres, the rights of the plaintiffs asserted being as respects the timber growing on the land. Issue was joined by defendant's answer and plaintiffs' reply. The cause was brought on for trial before a jury, which was discharged at the close of all the evidence. The case was then submitted to the court for decision. Findings of fact and conclusions of law were duly made by the court in favor of the plaintiffs, upon which judgment was rendered quieting plaintiffs' title to the land and forever enjoining and restraining the defendant from asserting any claim whatever to the land and the timber growing thereon adverse to the plaintiffs. The appeal is from the judgment.

Several errors are assigned, all of which raise but one question, *viz.*: Who is now the owner of the saw timber upon the land?

It appears that on February 28, 1899, Edward Lord, the patentee of the land from the government, by deed conveyed to William J. Kendall all the saw timber standing on the land, together with a right to enter upon the land for the purpose of cutting and removing such timber, and a right of way over and across the land for the purpose of removing the timber therefrom and "for the purpose of hauling any other timber owned by said second party [Kendall] or his assignees, at any time after the date of this instrument." Thereafter, on January 10, 1901, Kendall and wife, for a valuable consideration, conveyed by deed to the Anaconda Copper Mining Company the timber, together with the right to remove the same and "all rights, benefits, and privileges granted first parties [the Kendalls] by deed dated February 28, 1899, executed by Edward Lord." On November 16, 1899, Edward Lord conveyed the land to Robert Y. Hart, "except all of the saw timber of said land, which is sold to W. J. Kendall, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof."

On March 10, 1906, Robert Y. Hart, the predecessor in interest of the plaintiffs herein, brought an action in the district court of Ravalli county against the defendant, in which the plaintiff herein, Hart, sought to recover damages to the land by reason of the failure of the defendant to remove the timber, and asked that the defendant be enjoined from permitting the timber to remain upon the land. Issue was joined in that action, and trial thereof begun, during the course of which the parties thereto compromised and settled the action by the payment by the defendant in that action to the plaintiff therein, Robert Y. Hart, of the sum of $1,000. In exchange therefor the lawsuit was settled and dismissed, and the plaintiff therein, Robert Y. Hart, and his wife, made, executed, and delivered to the Anaconda Copper Mining Company, the defendant therein and herein, a deed, dated September 3, 1907, of "all the saw timber now standing, growing, and being" on the land, "also a strip of land 30 feet in width upon, over and across said above-described land, to be used as a right of

way for the purpose of constructing, operating, and maintaining a logging road, railroad, and railroad spurs,'' which deed also contained provision that the Anaconda Copper Mining Company should pay all taxes levied against such saw timber ''during the time hereinafter mentioned.'' Further it is recited that the Anaconda Copper Mining Company shall have ''the free and uninterrupted right of ingress and egress onto and upon said lands, for the purpose of cutting, skidding, hauling, taking, and carrying away of any and all of said timber, or timber on land adjacent thereto, or in the vicinity thereof, at any time for and during the period of ten years from and after date.''

It is the plaintiffs' contention that the last-mentioned ·deed, accepted and recorded by the defendant, limits and defines the respective rights of the parties to the timber on the land, and was intended to settle all controversy of the parties with respect to such timber, and that, by the acceptance thereof the defendant expressly waived all rights and claim, if any it had, under its deed from William J. Kendall, and elected to accept and define its rights to the timber under the provisions of the deed from Robert Y. Hart and wife, containing a specific limitation of ten years within which to cut and remove the timber. The limitation of time expressed in the last-mentioned deed having expired, and the timber not having been removed, the plaintiffs now claim title thereto.

Determinative of this appeal, decision is necessary as to whether the defendant is estopped by its acceptance of the Hart deed from asserting its superior title to the saw timber on the land under deed from Kendall.

''An estoppel by deed is a preclusion against the competent **[1]** parties to a valid sealed contract, and their privies, to deny its force and effect by any evidence of inferior solemnity.'' (Bigelow on Estoppel, 6th ed., p. 362.) It applies as against the grantor because of recitals in a deed, and against the grantee only when title is relied upon by the grantee **[2]** by virtue of the deed. It is only when a party claims title under a deed that he is estopped by its recitals, and

where he buys an outstanding title he may show that the grantors in the deed did not have the title and that he holds under a different title which is paramount.   (10 R. C. L. 686; *Cobb* v. *Oldfield*, 151 Ill. 540, 42 Am. St. Rep. 263, 38 N. E. 142; *Sylvester* v. *State*, 46 Wash. 585, 91 Pac. 15; affirmed, 215 U. S. 80, 54 L. Ed. 101, 30 Sup. Ct. Rep. 25; *Bybee* v. *Oregon & California R. Co.*, 139 U. S. 663, 35 L. Ed. 305, 11 Sup. Ct. Rep. 641 [see, also, Rose's U. S. Notes].)   Indeed this rule has the support of all the authorities.

"It is very generally held that, by accepting a deed of conveyance in fee and going into possession, a grantee is not estopped to deny the title, or seizin of his grantor.   A very common application of the doctrine is that the acceptance of a grant in aid of a title will not estop the grantee to claim under the conveyance purporting to confer that title.   One having or claiming title to land may, for greater security or to buy his peace, purchase or procure an outstanding or adverse claim of title without estopping himself to deny its validity, unless he abandons his possession under the title by virtue of which he entered.   So a grantee may buy up a title antagonistic to that of his grantor, and set up the title so bought to defeat that of his grantor or of his grantor's representatives.   It has also been held that one of two grantees of the same grantor may connect himself with and assert against the other a title paramount to that of the common grantor."   (21 C. J. 1069.)

The argument of plaintiffs' learned counsel proceeds upon the [3, 4]   theory that the defendant now claims title under the Hart deed, which is not sustained by the record.   The recitals of the Hart deed constituted a unilateral contract, and they did not affect the defendant's superior title, nor deprive it from claiming under its paramount title.   But it is urged that, by the acceptance of the Hart deed in settlement of the Hart lawsuit, the defendant is now estopped from asserting title to the timber under the Kendall deed.   There is no merit in this contention.   The defendant received nothing of value on delivery to it of the Hart deed, and it waived none of its

rights by accepting it. On payment of the $1,000 it was relieved of a lawsuit, and that was defendant's only benefit obtained in consideration for the money paid.

The case of *Hart* v. *Anaconda Copper Mining Company,* referred to in the statement of facts, appears to have been settled by the parties thereto on October 3, 1907; the defendant, Anaconda Copper Mining Company, simply purchasing peace. That action was instituted and settlement thereof made before the decision of this court (June 1, 1915) in the case of *Cobban Realty Co.* v. *Donlan,* 51 Mont. 58, 149 Pac. 484, before which decision doubt existed as to whether standing timber separately conveyed by the owner of the fee of the land should thereafter be treated as real estate or personal property. The determination made by this court in the *Donlan Case* set the question at rest, and since then it is settled that such timber constitutes realty. It was held that, where a land owner conveyed growing timber with a right of way over the land for the purpose or removing it, without limitation or condition, a fee-simple estate in the lumber passed to the grantee, not defeated by the latter's failure to remove such timber. This holding we reaffirm. With propriety decision of this appeal might have been based solely on the decision in the *Donlan Case.* The facts are quite similar.

For the reasons stated, the judgment is reversed and the cause remanded to the district court of Ravalli county, with directions to dismiss the plaintiffs' complaint.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and STARK concur.