Thomas P. NEWCOMB, Plaintiff In Error,

v.

Fred A. CHAPMAN, Defendant in Error.

No. 38328.

Supreme Court of Oklahoma.

Oct. 6, 1959.

R. Rhys Evans, Ardmore, for plaintiff in error.

John M. Poindexter, Ardmore, for defendant in error.

WELCH, Justice.

This action was brought by defendant in error, Chapman, to quiet title to all the mineral interests in and to certain described lands in Carter County, and to set aside a tax deed to said property. Judgment was in favor of said defendant in error, and plaintiff in error Thomas P. Newcomb prosecutes this appeal.

The sole question presented by this appeal is, whether Chapman, the former owner of the fee-simple title to real estate, in possession of the same, after purchasing a quitclaim deed from grantee of tax deed holder covering the surface and one-half mineral interest, is estopped from attacking the validity of the tax deed, and claiming entire interest in property under his previous title and thereby divesting a claimant of a mineral interest which he claimed under a conveyance from or through the tax deed holder.

It is argued by plaintiff in error that whatever the form or nature of the conveyance used to pass real estate the parties thereto and their privies are estopped to deny the implications of the deed of conveyance, and that the grantor in a deed is in privity with his grantee and his successors to the title under the deed are in privity with the grantor and grantees. It is further argued that a right of interest reserved in a conveyance is effective as against all who deraign title through the grantee.

The contentions of plaintiff in error are based upon the theory that defendant in error now claims title under the quitclaim deed he acquired from Shores, grantee of the tax deed holder. This theory is not sustained by the record.

The record reveals that Chapman was the fee title owner of said tract of land in possession of the same at the time it sold for delinquent taxes to J. W. Newcomb in 1940, who conveyed one-half mineral interest to E. L. Franklin, and he in turn conveyed one-fourth interest in minerals to Thomas P. Newcomb, plaintiff in error; then J. W. Newcomb in 1941 conveyed by quitclaim deed all his interest in surface and one-half interest in minerals to Edward H. Shores, who in the same year conveyed by quitclaim deed all of his interest to Chapman. On June 5, 1958, defendant in error Chapman filed this action to quiet title in himself as to all of the minerals, having in the meantime sold the surface. In this action his claim of title is based upon the original deed obtained by him in 1920, together with his continuous adverse possession of the premises since that time, and the invalidity of the tax deed obtained by J. W. Newcomb which is the source of title by which plaintiff in error claims his one-fourth interest in the minerals.

The plaintiff in error cites numerous authorities in support of his theory. We do

not disagree with these authorities and we are mindful of the fact that generally estoppel of the grantee of a deed is of the nature of equitable estoppel, and is predicated on the inability of a person in the eyes of the law to acquiesce in, and enjoy the benefits of a transaction, and at the same time reject the accompanying burdens. In other words, a person cannot claim under an instrument without confirming it. He must found his claim on the whole, and cannot adopt that feature or operation which makes in his favor, and at the same time repudiate or contradict another which is counter or adverse to it. Thus, in an action to recover land for a breach of a condition subsequent in a deed, the grantee is estopped from denying the validity of the title conveyed by the deed under which he took possession of the land.

 However, the question here does not come under the above rule. Chapman is not claiming under the title he obtained from Shores, and since he was already in possession he did not take possession under Shores' deed, and his claim as to the invalidity of tax deed through which Shores acquired his title, clearly indicates he is not basing his title upon the Shores' deed. While no one may impugn the title under which he holds, it is generally held that, by accepting a deed, a grantee is not estopped to deny the grantor's title, except when the grantee relies on the grantor's conveyance to establish his own claim. One having or claiming title to land may, for greater security, or to buy his peace, purchase an outstanding or adverse claim or title without estopping himself to deny its validity, unless he abandons his claim under the title by which he entered into possession. It has also been held that one of two grantees of the same grantor may connect himself with, and assert against the other, a title paramount to that of the common grantor. See 31 C.J.S. Estoppel § 15, p. 199; 21 C.J. p. 1070, Sec. 28(3) and footnotes thereunder.

 The briefs herein do not refer us to any Oklahoma cases in point with the question here presented, nor have we been able to find any through our independent research, however, it has been held in other jurisdictions that estoppel applies as against the grantor because of recitals in a deed, and against the grantee only when title is relied upon by grantee by virtue of the deed, and that it is only when a party claims title under a deed that he is estopped by its recitals; and where he buys a purported outstanding title he may show that the grantors in the deed did not have the title, and that he holds under a different title which is paramount. Hart v. Anaconda Copper Mining Co., 69 Mont. 354, 222 P. 419; Sylvester v. State, 46 Wash. 585, 91 P. 15; Watkins v. Houck, 44 Kan. 502, 24 P. 361; Singer Manufacturing Co. v. Tillman, 3 Ariz. 122, 21 P. 818.

In the case of Fitch v. Gentry, 29 Ky. Law Rep. 210, 92 S.W. 586, the court held:

"One holding real property adversely and under color of title by virtue of a tax deed was not estopped, by reason of purchasing from the record owner their outstanding title, to afterwards deny the validity of the latter title and to claim under her own previous one."

 The plaintiff in error does not here attack the trial court finding that the resale tax deed was invalid, but has relied wholly upon the theory of estoppel for a reversal of the judgment of the trial court. We are of the opinion, and so hold, that estoppel does not apply in this case, therefore the trial court judgment is affirmed.